The STATE of Texas, Appellant,

v.

Wendi Lorraine LOHSE, Appellee.

No. 01–93–00888–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 21, 1994.

Michael J. Guarino, Denise V. Wilkerson, Galveston, for appellant.

Gregory L. Deans, R. Dean Irwin, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and ANDELL and HEDGES, JJ.

## OPINION

HEDGES, Justice.

The State of Texas appeals the dismissal of an information charging appellee, Wendi Lorraine Lohse, with public lewdness. We reverse and remand.

The criminal prosecution of Lohse for public lewdness was called for trial on August 2, 1993. Both parties announced ready for trial. Voir dire was conducted, and a jury was impanelled and sworn. At this point, Lohse presented her oral motion to dismiss the information on the ground that the information did not sufficiently allege the offense charged. The trial court granted the motion and dismissed the indictment.

■ In point of error one, the State argues that the trial court erred in entertaining a motion to dismiss after the jury was sworn. We agree. Objections to a charging instrument are governed by TEX.CODE CRIM.P.ANN. art. 1.14 (Vernon Supp.1994), which provides:

(b) if the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding. Nothing in this article prohibits a trial court from requiring that an objection to an indictment or information be made at an earlier time in compliance with Article 28.01 of this code.

The plain language of TEX.CODE CRIM.P.ANN. art. 1.14 requires a defendant to raise an objection to the information **before** the day of trial. A motion to quash filed on the day of trial is too late. *Bucciarelli v. State,* 793 S.W.2d 289, 290 (Tex.App.—Corpus Christi 1990, pet. ref'd); *Van Dusen v. State,* 744 S.W.2d 279 (Tex.App.—Dallas 1987, no pet.).

■ Lohse contends that the State has waived its right to appeal the trial court's dismissal by failing to object at trial. We

disagree. In *State v. Garrett*, 798 S.W.2d 311, 313 (Tex.App.—Houston [1st Dist.] 1990), *aff'd*, 824 S.W.2d 181 (Tex.Crim.App. 1992), we held that the State's right to appeal the dismissal of an indictment is derived exclusively from TEX.CODE CRIM.P.ANN. art. 44.01 (Vernon Supp.1994). The State need not comply with TEX.R.APP.P. 52(a), which applies to evidentiary rulings, to preserve its right to appeal a dismissal of an information. *Garrett*, 798 S.W.2d at 313

We sustain point of error one.

We reverse the order of the trial court dismissing the indictment and remand this case to the trial court with instructions to reinstate the criminal information against Lohse.