The STATE of Texas, Appellant,

v.

Gerald Wayne LEWALLEN, Appellee.

No. 2–96–090–CR.

Court of Appeals of Texas,
Fort Worth.

July 18, 1996.

Tim Curry, Criminal Dist. Atty., Betty Marshall, Charles M. Mallin, Asst. Chiefs of the Appellate Section, James Evans, Mary Butler, Assts., Fort Worth, for appellant.

Parkhill, Parkhill, Cowden & Runge, P.C., David C. Cowden, Grand Prairie, for appellee.

Before CAYCE, C.J., and DAY and LIVINGSTON, JJ.

## OPINION

CAYCE, Chief Justice.

Appellee Gerald Wayne Lewallen was charged with the offense of driving while intoxicated. When the case was called for trial on February 8, 1996, Lewallen appeared with counsel, but the State failed to appear. In the State's absence, Lewallen's counsel made a motion for "directed verdict" on the basis that the State had failed to prove the elements of the offense with which Lewallen was charged. The trial judge granted the motion and found Lewallen not guilty. Eleven days later, the State filed its notice of appeal pursuant to article 44.01(a)(1) of the Texas Code of Criminal Procedure [1] claiming that the "directed verdict" constituted a dismissal of the information, which the State is permitted to appeal.

In its sole point of error, the State contends that the trial court abused its discretion, as a matter of law, in granting the motion for "directed verdict" because the trial judge was without authority to serve as fact finder absent the State's consent to Lewallen's waiver of a jury trial, and because no "contextual indicia" of a trial existed that would have permitted an acquittal by "directed verdict." Consequently, the State contends that the trial court's action was not a finding of not guilty, but rather a dismissal of the information. For the reasons stated below, we agree with the State's contentions and reverse and remand the case for trial.

It is settled law in Texas that a defendant may not waive the right to trial by jury without the consent and approval of the attorney representing the State. Article 1.13(a) provides:

(a) The defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, *conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State.* The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

Tex. Code Crim. Proc. Ann. art. 1.13(a) (Vernon Supp.1996) (emphasis supplied). In construing this statute, the court of criminal appeals has expressly held that a trial judge is without the authority to serve as a fact finder in the trial of a misdemeanor case, absent the consent and approval of the State to the defendant's waiver of a jury trial. *State ex rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex.Crim.App.1992) (orig. proceeding).

In this case, Lewallen was charged with misdemeanor DWI. When the trial court called the case to trial, no jury had been sworn and seated. Furthermore, the record is devoid of any evidence indicating that the State consented to Lewallen's waiver of a jury trial pursuant to article 1.13(a). Because the State did not consent to and approve Lewallen's waiver of a jury, the trial court lacked any discretion to serve as a fact finder. *See id.*

Even assuming the trial judge had the authority to serve as the fact finder in this case, he did not have the discretion to acquit

---

1. Article 44.01(a)(1) provides:

 (a) The state is entitled to appeal an order of a court in a criminal case if the order:

 (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint.... 

 Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon Supp.1996).

Lewallen outside the context of a trial. In *Ex parte George*, 913 S.W.2d 523, 525 (Tex. Crim.App.1995), the court of criminal appeals addressed a similar situation in which the defendant requested to plead to the judge, but the State refused to consent to the waiver of a jury trial. The trial judge demanded that the State proceed to trial without a jury and, when the prosecutor refused, ordered the clerk to prepare a judgment showing that George had been found not guilty. *Id.* The State refiled the prosecution. In addressing the defendant's claim that the State's attempt to prosecute constituted double jeopardy, the court of criminal appeals stated the following:

> In an ordinary case, we would indulge a presumption of regularity in support of the judgment, finding that its recitation of acquittal is sufficient to establish an acquittal in fact. But the record in this case reflects all events necessary to determine whether appellant was actually acquitted with sufficient clarity that no presumption of regularity is necessary. And it is a given in the instant cause that events leading to the judgment were anything but regular. The question then is whether any of these events constitutes an acquittal in contemplation of our law.
>
> As far as we have been able to determine, there is no Texas statute expressly defining the word "acquittal." But the context in which it appears throughout the Code of Criminal Procedure creates a powerful inference that it means a finding of fact that the accused is not guilty of the criminal offense with which he is charged. And not just any finding of fact either. It is an official factfinding, usually the verdict

of a jury, made in the context of an adversary proceeding, by an individual or group of individuals with the legal authority to decide the question of guilt or innocence. It is not the opinion of a bystander, the result of a public opinion poll, or the prediction of a medium. And it is not the decision of a person without lawful authority to decide.

*Id.* at 526–27 (citations omitted).

 In the instant case, the record reflects with sufficient clarity all of the events necessary to determine whether the appellee was actually "acquitted" by the court's "directed verdict." Consequently, no presumption of regularity is necessary. In fact, as in *George*, the record shows that the events leading to the directed verdict were anything but regular.[2] The question we must then decide is whether any of the events that occurred in the trial court constitutes an "acquittal." We conclude that they do not. Not only did the trial judge lack the lawful authority to make fact-findings as we held under point of error one, the trial judge's finding of not guilty clearly was not made in the context of an adversary proceeding. Therefore, none of the events that transpired below constitutes an "acquittal" in contemplation of Texas law.

 Not having the authority to grant appellee's motion for directed verdict, the trial court's order can only be viewed as a ruling which effectively terminated the State's prosecution in favor of the appellee, *i.e.*, a dismissal of the information. *See State v. Garrett*, 824 S.W.2d 181, 183 (Tex.Crim.App. 1992). The question then becomes whether the trial court had the authority to dismiss

---

2. The mere fact that the trial judge entered a "directed verdict" *in a bench trial* shows the proceeding was irregular. A "verdict" is defined by statute as "a written declaration *by a jury* of its decision of the issue submitted to it in the case." Tex. Code Crim Proc. Ann. art. 37.01 (Vernon Supp.1996) (emphasis supplied). "Verdict" by definition does not apply to a trial court's decision, although the word is used loosely in the statutes and case law. *State v. Davenport*, 866 S.W.2d 767, 769 n. 2 (Tex.App.—San Antonio 1993, no pet.). A "directed verdict" is commonly defined as the action taken by a trial judge in a jury trial to decide the issues in the case without allowing them to be submitted to the jury be-

cause, as a matter of law, the party with the burden of proof has failed to make a prima facie case for jury consideration. *See Nassar v. Hughes*, 882 S.W.2d 36, 38 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Homme v. Varing*, 852 S.W.2d 74, 76–77 (Tex.App.—Beaumont 1993, no writ); 4 McDonald, Texas Civil Practice § 21:48 (1992); Black's Law Dictionary 413 (5th ed.1979). This definition presumes a trial by jury. Thus, there logically can be no "directed verdict" in a case where a trial judge serves as the fact finder. In other words, when there is no jury, there is no "verdict" for the trial judge to "direct."

the cause merely due to the tardiness or absence of the prosecution. We hold that it did not under the circumstances of this case.

In *State v. Johnson,* 821 S.W.2d 609, 610 (Tex.Crim.App.1991), the defendant appeared on the day of trial and announced ready, but the State was not present. The trial court, on the defendant's motion, dismissed the prosecution on the basis that the State failed to appear. *Id.* Thereafter, the State refiled the prosecution in another court. The second trial judge again dismissed the prosecution reasoning that the State's decision not to appeal the first dismissal implied that it acquiesced in the dismissal. *Id.* In reversing the dismissal, the court of criminal appeals concluded that, absent some statutory or constitutional authority, a trial court does not have the authority to dismiss a case unless the prosecutor requests a dismissal. *Id.* at 613.

In the instant case, the record clearly reflects that the trial judge's dismissal was predicated upon the failure of the prosecutor to make a timely appearance. Because there is no statutory, constitutional, or common-law authority that permits the trial judge to dismiss the prosecution for this reason, he had no discretion to do so. The State's sole point of error is sustained.

The trial court's judgment is reversed, and the case is remanded for trial.