The STATE of Texas, Appellant,

v.

Heather Deann ALLEN, Appellee.

No. 13–96–595–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 7, 1997.

Luis V. Saenz, Yolanda De Leon, District Attorney, Robert H. Moore, Jr., Asst. County Crim. Dist. Attorney, Brownsville, for Appellant.

Reynaldo S. Cantu, Brownsville, for Appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and YANEZ, JJ.

## OPINION

DORSEY, Justice.

The State of Texas appeals[1] from the dismissal of its case against Heather Deann Allen for driving while intoxicated. By a single point of error, the State argues the trial court abused its discretion when it found there was no evidence and dismissed the case without the permission of the prosecutor. The State argues the trial court was without authority to serve as factfinder in the case, because the State had not waived jury trial, and the trial court had no discretion to dismiss the case when the State announced "not ready" for trial. The appellee concedes error.

A review of the statement of facts reveals that when the case came on for trial, the State announced it was not ready because it had not been able to contact the arresting police officer and bring him in to testify. The defense noted the case had been previously filed under a different cause number, and the defendant had made repeated trips from Dallas to Cameron County for hearings. The defense requested the trial court dismiss the case. The trial court granted the dismissal, but then withdrew the dismissal when the State indicated it would refile the case.

The trial court ordered the State to present evidence, but the prosecutor again indicated she was not ready to present evidence and requested a continuance. The trial court denied the motion for continuance, and then denied the State's motion to dismiss, ordering the State to present evidence. When the State was unable to do so, the court ordered the defense to present evidence. When the defense stated it had no witnesses and rest-

ed, the trial court stated "This case is dismissed for no evidence."

The following exchange then took place:

MS. GARCIA [for the State]: Your Honor, then that means that the State can refile. You never allowed me to introduce evidence.

THE COURT: No, I order—the State was ordered to produce evidence. It did not. The defendant elected—exercised its constitutional right to remain silent.

MS. GARCIA: Your Honor, that is understandable, but then I asked for a motion for continuance.

THE COURT: It was denied.

MS. GARCIA: How can the State put on evidence if it doesn't—I made the Court aware of that fact that the State is—

THE COURT: You see, the case is reset, and at one point or another, the Court has to go forward with the case.

MS. GARCIA: Okay. That is no problem, but then again, even before you ordered us to present evidence, a jury waiver was not even signed by the State.

THE COURT: True. I ordered you—I ordered you to present evidence, and you failed to present evidence. If it becomes an issue of constitutionality finally, but, you know, we are playing with so many cases, the State has previously waived a trial by jury, had not requested a jury trial, and only after the Court, and so that the record is clear, had ordered the State to present evidence, and the State failed to present evidence. The defense—

MS. GARCIA: Your Honor, that is fine, no problem. We will just see what we can do about this case, no problem. Thank you.

On appeal, the State argues a defendant may only waive a jury trial if the waiver is made in person by the defendant in open court, with both the State's and the trial court's approval. TEX.CODE CRIM.PROC.ANN. art. 1.13(a) (Vernon Supp.1997). Absent compliance with this statute, the State argues, the trial court may not serve as factfinder in a trial. *State ex rel. Curry v. Carr,* 847 S.W.2d 561, 562 (Tex.Crim.App.1992).

---

1. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp.1997).

The State argues the trial judge had no authority to serve as factfinder or hold a bench trial because appellee never properly waived a jury trial, the State never approved any such waiver, no jury was sworn in or seated, the State announced "not ready," appellee never entered a plea to the information, the State never presented evidence, and the State neither rested nor closed. The State cites *Ex parte George,* 913 S.W.2d 523, 526 (Tex.Crim.App.1995), *Carr,* 847 S.W.2d at 562, and *State v. Lewallen,* 927 S.W.2d 737, 738 (Tex.App.—Fort Worth 1996, no pet.). We agree.

In *Carr,* a defendant charged with misdemeanor driving while intoxicated waived jury trial, but the State refused to consent to the waiver. 847 S.W.2d at 561. The trial judge denied the State's request that the case be tried before a jury. *Id.* The Court of Criminal Appeals granted mandamus relief, holding the trial court "[did] not have the discretion to serve as a factfinder in the trial of a misdemeanor case absent the consent and approval of the State as prescribed by Art. 1.13(a) ... to the accused's waiver of jury trial. Under the circumstances presented, [the trial judge] has a ministerial duty to conduct a jury trial." *Id.* at 562.

In *Ex parte George,* the Court of Criminal Appeals considered another situation in which the prosecutor did not consent to the defendant's waiver of jury trial. 913 S.W.2d at 525. Notwithstanding the prosecutor's refusal to agree to the jury waiver, the trial judge demanded the State proceed to trial without a jury, and when the State refused, the trial judge ordered the clerk to prepare a judgment showing the defendant had been found not guilty. *Id.* Shortly later, the State charged the defendant anew with the same offense. *Id.* The defendant sought habeas corpus protection from the prosecution, arguing that the new prosecution subjected him to double jeopardy. *Id.*

The court ruled the defendant had never been put in jeopardy during the first proceeding, because no jury was empaneled or sworn, no evidence was presented, and no plea was entered by the defendant after the announcement of ready by both sides. *Id.* In short, no trial was conducted, and there-fore the trial judge did not have the authority to sit as factfinder or to acquit the defendant. *See id.* at 526. Because the trial judge had no authority to serve as factfinder, he was "not authorized to pass upon the culpability of [the defendant]," and so the acquittal the judge entered was of no effect. *See id.* at 527.

In *State v. Lewallen,* the Fort Worth Court of Appeals considered a case in which a defendant appeared for trial on the charge of driving while intoxicated, but the prosecutor failed to show up. 927 S.W.2d at 738. The trial court granted the defendant's motion for directed verdict and found him not guilty on the basis the State failed to prove the elements of the charged offense. *Id.* The court of appeals reversed and remanded the case for trial, holding that because the State did not consent to the defendant's waiver of jury trial, the trial court lacked discretion to serve as factfinder. *Id.* Citing to *Ex parte George,* the court also noted the trial court did not have the discretion to acquit the defendant outside the context of a trial. *Id.* at 738–39.

The present case is similar to *Lewallen,* in that the trial court determined the State had presented no evidence of the defendant's guilt, and dismissed the cause of action. Because no waiver of jury trial was made by appellee or approved by the prosecution, the trial court was without authority to conduct a "trial" or sit as factfinder. *See Carr,* 847 S.W.2d at 562; *see also Ex parte George,* 913 S.W.2d at 527; *Lewallen,* 927 S.W.2d at 738–39. Accordingly, the trial court's finding of "no evidence" was without effect. *Ex parte George,* 913 S.W.2d at 527.

The trial court had no authority to dismiss the case without the prosecutor's consent. *State v. Johnson,* 821 S.W.2d 609, 613 (Tex. Crim.App.1991). Accordingly, we RE-VERSE the judgment of the trial court and REMAND the case for trial.