# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00522-CR

**The State of Texas, Appellant**

**v.**

**Brenda Huddleston, Appellee**

## FROM THE COUNTY COURT OF MILAM COUNTY
## NO. CR26751, HONORABLE FRANK SUMMERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following her arrest for driving while intoxicated (ADWI@), Brenda S. Huddleston filed a motion to suppress evidence.  The trial court granted Huddleston=s motion and attached a finding of Anot guilty@ to the order granting the motion to suppress.  The State appeals this order.  *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2004).  We will modify the trial court=s order and affirm it as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

At approximately 10:30 p.m. on March 21, 2003, Milam County Sheriff=s Department Officer John Donahoo was patrolling U.S. Highway 79 near the Milano area in Milam County. As the officer was traveling westbound towards Nat=s Bar, a car pulled out from the bar=s parking lot and also proceeded westbound. The officer testified that he quickly caught up with the vehicle and observed it drift to the right side of the roadway and cross over the white shoulder stripe, or fog line, twice within one-and-a-half miles of the bar. After these two movements across the fog line, Officer Donahoo activated the video camera in his patrol car. The video depicts three more movements of the vehicle across the fog line. Officer Donahoo testified that, in total, the vehicle crossed the shoulder stripe five times over a five-to-six mile range. Officer Donahoo further testified that the vehicle=s speed repeatedly fluctuated between 58-64 mph. The officer acknowledged that neither the individual movements across the shoulder stripe nor the fluctuating speed of the vehicle was illegal or unsafe.

Officer Donahoo stated that he stopped the vehicle on reasonable suspicion of failure to stay within a single marked lane. *See* Tex. Transp. Code Ann. ' 545.060 (West 2004).[1] After stopping

---

[1]     This statute provides, in relevant part:

An operator on a roadway divided into two or more clearly marked lanes for traffic:

Huddleston=s vehicle, Donahoo observed an open bottle of beer in Huddleston=s lap. After conducting field sobriety tests, Donahoo arrested Huddleston for driving while intoxicated.

Huddleston filed a motion to suppress and a hearing was held. The issue at the hearing was whether the initial stop of Huddleston=s vehicle by Officer Donahoo was valid. The trial court found that the officer did not have reasonable suspicion to stop Huddleston and concluded that the stop was invalid. Consequently, the trial court granted the motion to suppress. The State filed a motion for rehearing, which the trial court granted. After Huddleston filed her amended motion to suppress, a second hearing was held, and the trial court again granted the motion to suppress. In addition, the trial court concluded its second order by finding Huddleston Anot guilty.@ The trial court also signed findings of fact and conclusions of law. The State then filed a motion to vacate the finding of Anot guilty@ and, at the same time, filed a second motion for rehearing. Before the trial court ruled on the motion, the State filed this appeal.

## STANDARD OF REVIEW

---

(1)   shall drive as nearly as practical entirely within a single lane; and

(2)   may not move from the lane unless that movement can be made safely.

Tex. Transp. Code Ann. ' 545.060(a) (West 2004).

3

The standard of review on a motion to suppress is a bifurcated standard. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). An appellate court must give A almost total deference to a trial court's determination of the historical facts that the record supports,@ especially when those fact findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The same level of deference should also be accorded a trial court=s rulings on mixed questions of law and fact if those decisions turn upon the credibility and demeanor of the witnesses. *Id.*; *Hayes v. State*, 132 S.W.3d 147, 151 (Tex. App.C Austin 2004, no pet.). Appellate courts review de novo, however, mixed questions of law and fact that do not turn on the credibility and demeanor of the witnesses. *Carmouche*, 10 S.W.3d at 327; *Guzman*, 955 S.W.2d at 89; *Hayes*, 132 S.W.3d at 151.

## DISCUSSION

The State complains that: (1) two of the trial court=s findings of fact are not supported by the record; (2) the court misapplied the law to the facts; and (3) the court exceeded its authority when it attached a finding of A not guilty@ to its order granting the motion to suppress. The State ultimately maintains that the trial court erred in concluding that Officer Donahoo did not have reasonable suspicion to stop Huddleston.

When the trial court has filed findings of fact, we will give almost total deference to these express determinations of historical facts. *Carmouche*, 10 S.W.3d at 327. The trial court made the following findings:

A. The Court finds that defendant was driving her vehicle towards Rockdale around 10:40 P.M. when her right side tires crossed over the white fog line on Highway 79. The Officer testified that only her right side tires moved over the line on five occasions

4

within a 5-6 mile distance. The officer testified that the defendant did not swerve or veer over the line but gradually moved to the right as oncoming traffic was approaching.

B. The officer said that the defendant=s actions were not unsafe or dangerous, and that it was not against the law to drive on the shoulder of the highway.

The State argues that the record does not support the trial court=s findings regarding oncoming traffic and the safety of Huddleston=s actions. The State points to the officer=s testimony that Huddleston moved across the fog line only twice in the face of oncoming traffic as proof of the trial court=s error in its factual findings. The State also disputes that the vehicle moved over the fog line solely in the face of oncoming traffic to bolster its argument that Huddleston=s movements onto the shoulder were unsafe.

Proof that Huddleston=s actions were unsafe is crucial to a showing that the officer had a reasonable suspicion that Huddleston was violating section 545.060. To violate that statute, a vehicle must move from one marked traffic lane into another in an unsafe manner. *Hernandez v. State*, 983 S.W.2d 867, 871 (Tex. App.CAustin 1998, pet. ref=d) (A[A] traffic violation occurs only when the vehicle=s movement is in some way unsafe.@). Both elements of the offense must be met for there to be a violation and to justify stopping a driver for this offense. *Id.* The State concedes that Huddleston=s tires never moved across the yellow divider separating the two traffic lanes on Highway 79, that Huddleston=s vehicle neither swerved nor veered, and that each movement was gradual and took place across the shoulder stripe on the right side of the road. As to those movements across the shoulder stripe, the officer stated that only the vehicle=s right tires crossed the white shoulder stripe and that there was six feet of paved road on the shoulder. The officer further testified that none of these movements, individually, was unsafe or illegal.

5

Nevertheless, the officer also testified, and the State maintains on appeal, that the pattern of the crossings and the totality of the number of crossings made the vehicle=s movements unsafe.

Just prior to granting the first suppression order, the trial court observed that many people regularly guide their vehicles to the right and over the shoulder stripe in the face of oncoming traffic. The trial judge further noted that he had personally witnessed drivers performing this action during the daylight hours as well as the evening hours and that he had himself, on occasion, also moved his car to the right to avoid oncoming traffic. The trial court found that Huddleston moved her vehicle to the right in the face of oncoming traffic. Further, the trial court=s conclusion that Officer Donahoo did not have reasonable suspicion to stop Huddleston arose from its finding that Huddleston was not driving unsafely. Because driving unsafely is a critical element of the offense and necessary to authorize the stop, we overrule the State=s first and second points of error.

Finally, in its last point of error, the State complains that the trial court=s insertion of a Anot guilty@ finding within the order granting Huddleston=s motion to suppress exceeded the court=s authority. We agree, and we will strike the finding from the suppression order.

The trial court lacked the authority to make fact-findings to determine the guilt of the defendant based only on the granting of a motion to suppress. *See State ex rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex. Crim. App. 1992); *see also State v. Nolan*, 808 S.W.2d 556, 560 (Tex. App.CAustin 1991, no pet.); *State v. Lewallen*, 927 S.W.2d 738, 739 (Tex. App.CFort Worth 1996, no pet.). AWhile the county court=s orders suppressing evidence may have the practical effect of making convictions in these causes impossible, it is for the prosecutor, as the officer charged with the responsibility

6

for preparing and prosecuting criminal suits, to decide whether a prosecution is sustainable.@ *Nolan*, 808 S.W.2d at 560. Furthermore, the trial court=s finding of not guilty was not made during an adversary proceeding, and thus none of the events that occurred on the day the trial court attached such a finding to the suppression order constitutes an Aacquittal@ in compliance with Texas law. *Lewallen*, 927 S.W.2d at 739.

Because the finding of not guilty exceeded the trial court=s authority, we sustain the State=s third issue.

## CONCLUSION

We reject the State=s arguments that the trial court erred in granting Huddleston=s motion to suppress. We agree, however, that the trial court had no authority to enter a finding of Anot guilty@ in the suppression order. Accordingly, we modify the suppression order and strike the finding of Anot guilty.@ We affirm the trial court=s order as modified..

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Modified and, as Modified, Affirmed.

Filed: October 28, 2004

Do Not Publish

7