TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00522-CR






The State of Texas
, Appellant



v.



Brenda Huddleston, Appellee








FROM THE COUNTY COURT OF MILAM COUNTY


NO. CR26751, HONORABLE FRANK SUMMERS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




 Following her arrest for driving while intoxicated ("DWI"), Brenda S. Huddleston
filed a motion to suppress evidence. The trial court granted Huddleston's motion and attached a
finding of "not guilty" to the order granting the motion to suppress. The State appeals this order. 
See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2004). We will modify the trial court's
order and affirm it as modified.


FACTUAL AND PROCEDURAL BACKGROUND


 At approximately 10:30 p.m. on March 21, 2003, Milam County Sheriff's Department
Officer John Donahoo was patrolling U.S. Highway 79 near the Milano area in Milam County. As
the officer was traveling westbound towards Nat's Bar, a car pulled out from the bar's parking lot
and also proceeded westbound. The officer testified that he quickly caught up with the vehicle and
observed it drift to the right side of the roadway and cross over the white shoulder stripe, or fog line,
twice within one-and-a-half miles of the bar. After these two movements across the fog line, Officer
Donahoo activated the video camera in his patrol car. The video depicts three more movements of
the vehicle across the fog line. Officer Donahoo testified that, in total, the vehicle crossed the
shoulder stripe five times over a five-to-six mile range. Officer Donahoo further testified that the
vehicle's speed repeatedly fluctuated between 58-64 mph. The officer acknowledged that neither
the individual movements across the shoulder stripe nor the fluctuating speed of the vehicle was
illegal or unsafe.

 Officer Donahoo stated that he stopped the vehicle on reasonable suspicion of failure
to stay within a single marked lane. See Tex. Transp. Code Ann. § 545.060 (West 2004). (1) After
stopping Huddleston's vehicle, Donahoo observed an open bottle of beer in Huddleston's lap. After
conducting field sobriety tests, Donahoo arrested Huddleston for driving while intoxicated.

 Huddleston filed a motion to suppress and a hearing was held. The issue at the
hearing was whether the initial stop of Huddleston's vehicle by Officer Donahoo was valid. The trial
court found that the officer did not have reasonable suspicion to stop Huddleston and concluded that
the stop was invalid. Consequently, the trial court granted the motion to suppress. The State filed
a motion for rehearing, which the trial court granted. After Huddleston filed her amended motion
to suppress, a second hearing was held, and the trial court again granted the motion to suppress. In
addition, the trial court concluded its second order by finding Huddleston "not guilty." The trial
court also signed findings of fact and conclusions of law. The State then filed a motion to vacate the
finding of "not guilty" and, at the same time, filed a second motion for rehearing. Before the trial
court ruled on the motion, the State filed this appeal.


STANDARD OF REVIEW


 The standard of review on a motion to suppress is a bifurcated standard. Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). An appellate court must give "almost total
deference to a trial court's determination of the historical facts that the record supports," especially
when those fact findings are based on an evaluation of credibility and demeanor. Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The same level of deference should also be accorded
a trial court's rulings on mixed questions of law and fact if those decisions turn upon the credibility
and demeanor of the witnesses. Id.; Hayes v. State, 132 S.W.3d 147, 151 (Tex. App.--Austin 2004,
no pet.). Appellate courts review de novo, however, mixed questions of law and fact that do not turn
on the credibility and demeanor of the witnesses. Carmouche, 10 S.W.3d at 327; Guzman, 955
S.W.2d at 89; Hayes, 132 S.W.3d at 151.

DISCUSSION


 The State complains that: (1) two of the trial court's findings of fact are not
supported by the record; (2) the court misapplied the law to the facts; and (3) the court exceeded its
authority when it attached a finding of "not guilty" to its order granting the motion to suppress. The
State ultimately maintains that the trial court erred in concluding that Officer Donahoo did not have
reasonable suspicion to stop Huddleston.

 When the trial court has filed findings of fact, we will give almost total deference to
these express determinations of historical facts. Carmouche, 10 S.W.3d at 327. The trial court made
the following findings:


A. The Court finds that defendant was driving her vehicle towards Rockdale around
10:40 P.M. when her right side tires crossed over the white fog line on Highway
79. The Officer testified that only her right side tires moved over the line on
five occasions within a 5-6 mile distance. The officer testified that the
defendant did not swerve or veer over the line but gradually moved to the right
as oncoming traffic was approaching.


B. The officer said that the defendant's actions were not unsafe or dangerous, and
that it was not against the law to drive on the shoulder of the highway.



 The State argues that the record does not support the trial court's findings regarding
oncoming traffic and the safety of Huddleston's actions. The State points to the officer's testimony
that Huddleston moved across the fog line only twice in the face of oncoming traffic as proof of the
trial court's error in its factual findings. The State also disputes that the vehicle moved over the fog
line solely in the face of oncoming traffic to bolster its argument that Huddleston's movements onto
the shoulder were unsafe.

 Proof that Huddleston's actions were unsafe is crucial to a showing that the officer
had a reasonable suspicion that Huddleston was violating section 545.060. To violate that statute,
a vehicle must move from one marked traffic lane into another in an unsafe manner. Hernandez v.
State, 983 S.W.2d 867, 871 (Tex. App.--Austin 1998, pet. ref'd) ("[A] traffic violation occurs only
when the vehicle's movement is in some way unsafe."). Both elements of the offense must be met
for there to be a violation and to justify stopping a driver for this offense. Id. The State concedes
that Huddleston's tires never moved across the yellow divider separating the two traffic lanes on
Highway 79, that Huddleston's vehicle neither swerved nor veered, and that each movement was
gradual and took place across the shoulder stripe on the right side of the road. As to those
movements across the shoulder stripe, the officer stated that only the vehicle's right tires crossed the
white shoulder stripe and that there was six feet of paved road on the shoulder. The officer further
testified that none of these movements, individually, was unsafe or illegal. Nevertheless, the officer
also testified, and the State maintains on appeal, that the pattern of the crossings and the totality of
the number of crossings made the vehicle's movements unsafe.

 Just prior to granting the first suppression order, the trial court observed that many
people regularly guide their vehicles to the right and over the shoulder stripe in the face of oncoming
traffic. The trial judge further noted that he had personally witnessed drivers performing this action
during the daylight hours as well as the evening hours and that he had himself, on occasion, also
moved his car to the right to avoid oncoming traffic. The trial court found that Huddleston moved
her vehicle to the right in the face of oncoming traffic. Further, the trial court's conclusion that
Officer Donahoo did not have reasonable suspicion to stop Huddleston arose from its finding that
Huddleston was not driving unsafely. Because driving unsafely is a critical element of the offense
and necessary to authorize the stop, we overrule the State's first and second points of error.

 Finally, in its last point of error, the State complains that the trial court's insertion of
a "not guilty" finding within the order granting Huddleston's motion to suppress exceeded the
court's authority. We agree, and we will strike the finding from the suppression order.

 The trial court lacked the authority to make fact-findings to determine the guilt of the
defendant based only on the granting of a motion to suppress. See State ex rel. Curry v. Carr, 847
S.W.2d 561, 562 (Tex. Crim. App. 1992); see also State v. Nolan, 808 S.W.2d 556, 560 (Tex.
App.--Austin 1991, no pet.); State v. Lewallen, 927 S.W.2d 738, 739 (Tex. App.--Fort Worth 1996,
no pet.). "While the county court's orders suppressing evidence may have the practical effect of
making convictions in these causes impossible, it is for the prosecutor, as the officer charged with
the responsibility for preparing and prosecuting criminal suits, to decide whether a prosecution is
sustainable." Nolan, 808 S.W.2d at 560. Furthermore, the trial court's finding of not guilty was not
made during an adversary proceeding, and thus none of the events that occurred on the day the trial
court attached such a finding to the suppression order constitutes an "acquittal" in compliance with
Texas law. Lewallen, 927 S.W.2d at 739.

 Because the finding of not guilty exceeded the trial court's authority, we sustain the
State's third issue.


CONCLUSION


 We reject the State's arguments that the trial court erred in granting Huddleston's
motion to suppress. We agree, however, that the trial court had no authority to enter a finding of
"not guilty" in the suppression order. Accordingly, we modify the suppression order and strike the
finding of "not guilty." We affirm the trial court's order as modified..



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Modified and, as Modified, Affirmed.

Filed: October 28, 2004

Do Not Publish

1. This statute provides, in relevant part:


 An operator on a roadway divided into two or more clearly marked lanes for traffic:


 (1) shall drive as nearly as practical entirely within a single lane; and


 (2) may not move from the lane unless that movement can be made safely.


Tex. Transp. Code Ann. § 545.060(a) (West 2004).