

# NUMBERS 13-21-00314-CR, 13-21-00315-CR, 13-21-00316-CR, 13-21-00317-CR & 13-21-00318-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                      Appellant,

v.

JUAN MANUEL PEREZ,                                                      Appellee.

### On appeal from the County Court at Law No. 7 of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras**

In five appellate cause numbers, appellant the State of Texas challenges the trial court's sua sponte order dismissing with prejudice five misdemeanor complaints charging appellee Juan Manuel Perez with public intoxication and various drug possession

offenses.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (providing the State with the right to appeal an order dismissing a charging instrument). We reverse and remand.

## I. BACKGROUND

The State charged Perez with the five misdemeanor offenses which were allegedly committed between December 2018 and January 2021. At a September 9, 2021 status hearing concerning all five cases, Perez's trial counsel presented the trial court with Perez's "motion for plea in absentia" seeking to proceed with the cases in Perez's absence, as Perez was then in federal custody awaiting trial in the federal system. The trial court immediately denied Perez's motion and set the cases for a bench trial on September 27, 2021, to "give [the State] time to bring [Perez] down from federal custody."

On September 27, the trial court called the cases for a bench trial. Perez's trial counsel announced ready for trial. The State announced it was not ready but informed the trial court that it called to request a continuance a few days prior, had located Perez in the federal system, had received permission from the District Attorney "to writ [Perez] down from his custody," and was in contact with the United States Marshals to "secure [Perez]'s transfer."

The trial court denied the State's request for continuance, noting that "it ha[d] been

---

[1] The five complaints were associated with five separate trial court cause numbers, each of which is associated with a separate appellate cause number:

(1) appellate cause number 13-21-00314-CR, trial court cause number CR-20-02705-G;

(2) appellate cause number 13-21-00315-CR, trial court cause number CR-21-03442-G;

(3) appellate cause number 13-21-00316-CR, trial court cause number CR-21-01959-G;

(4) appellate cause number 13-21-00317-CR, trial court cause number CR-19-01840-G; and

(5) appellate cause number 13-21-00318-CR, trial court cause number CR-20-01008-G.

2

[eighteen] days" since it ordered the State on September 9 to "bench warrant [Perez] down." The court then added that: (1) "the feds" were unlikely to transfer a prisoner for a misdemeanor in general, let alone during the COVID pandemic; (2) it costs a lot of money to transfer defendants from federal to state custody; (3) the local jails are overcrowded; (4) judges are told to move their dockets, but it is difficult to do so when parties do not use "common sense"; and (5) convicting and sentencing appellant on some state misdemeanor charges will not "impact his life any more than the federal conviction [sic] he already has."

The court concluded:

I am going to deny the request for continuance. I am going to find that it has been [eighteen] days that you had to file a writ. That in [eighteen] days the State of Texas has failed to file even a writ of attachment for me to sign. That the failure to request a writ be signed—after I ordered it [eighteen] days ago—violates many constitutional principles as they relate to the attachment of a defendant in a criminal case. They violate his right to the effective assistance of counsel. They violate his right to due process and due course of law. And they violate his right to confront and cross-examine. So if you are not going to dismiss the cases—I understand that you don't have to—I am going to dismiss them because they violate all those constitutional principles as they relate to the defendant's rights and the rights that he or any other criminal defendant has on those principles.

The trial court then asked the State: "Do you want to put anything on the record before I go ahead and sign an order? I am not going to have another hearing. Do you want to [m]oot [sic] to [d]ismiss? Do you want to object to the dismissal? Do you want to put anything on the record?" The State replied, "Yes, judge," and noted that: (1) it had a preliminary plea agreement with Perez for "time served on two cases and [to] dismiss three [cases] without [Perez] being present here," but the trial court denied Perez's motion to proceed in his absence; (2) there was some confusion with the trial schedule; and (3) it

3

was in the process of transferring Perez to State custody. The State concluded: "At this time, the [c]ourt is objecting [to] the State's continuance and going forward with the bench trial. Judge, we didn't accrue a witness in any of these cases. And so, the State rests."

In response, the trial court noted that "there is nothing that says [the trial court] has to accept [a motion to proceed in absentia]." The court then stated that even if there was scheduling confusion, the State had one week to file "at least an order or a motion or something for [the court] to sign to bring [Perez] down." Finally, the following exchange between the trial court and the State concluded the hearing:

Trial Court: Are you dismissing or am I dismissing? It doesn't make a difference to me. If you don't move to dismiss, there being no witnesses—and the State still didn't subpoena any of the local witnesses—I am dismissing all five cases for all of those reasons.

Any objection to me dismissing those cases for the reasons stated previously—included but not limited to those reasons?

(No response)

Anything else from the State? Any reason I don't have the authority to dismiss [the five cases] for all reasons that I stated?

The State: No objections[] from the State.

Trial Court: All right. Cases are dismissed.

The trial court's written order dismissed the five cases against Perez with prejudice "for all the reasons, including but not limited to those put on the record and as stated herein." The trial court found that: (1) the State failed to "demonstrate an effort or desire . . . that [it] wanted to bring [Perez] to Hidalgo County, Texas for a bench trial";

4

(2) the State "did not issue any witness subpoenas for this bench trial"; and (3) although the State "desired to prosecute [Perez], the State . . . failed to make the defendant available for his in person bench trial."

On September 30, 2021, the State filed its notice of appeal. Four days later, the trial court amended its September 27 dismissal order to specifically note that "[t]he State of Texas further stated that they did not have any objection to the dismissal of [Perez's five] cases."

## II.     ERROR PRESERVATION

As a preliminary matter, Perez notes that the State did not object to the trial court's dismissal and stated it had no objections thereto. And the trial court amended its dismissal order to explicitly highlight that the State informed the court it had "no objections" to the court's ruling. Perez argues that this Court should, therefore, hold that the State failed to preserve error for review. *See* TEX. R. APP. P. 33.1.

Generally, to preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. *See id.* But the State is not required to object to a dismissal of a complaint to appeal the same. *See State v. Garcia*, 638 S.W.3d 679, 681 (Tex. Crim. App. 2022) (noting that Article 44.01(a)(1) "focus[es] upon the effect of the trial court's order rather than the particular proceeding that leads to the trial court's order"); *State v. Lohse*, 881 S.W.2d 171 (Tex. App.—Houston [1st Dist.] 1994, no pet.) ("The State need not comply with [the predecessor to Texas Rule of Appellate Procedure 33.1], which applies to evidentiary rulings, to preserve its right to appeal a dismissal of an information."); *State v. Morales*,

5

804 S.W.2d 331, 333 (Tex. App.—Austin 1991, no pet.) ("We conclude that the State did not[, by failing to object at trial,] waive its right to complain, on appeal, of the trial court's dismissal."); *State v. Garrett*, 798 S.W.2d 311, 313 (Tex. App.—Houston [1st Dist.] 1990) ("The basis of the State's appeal under [A]rticle 44.01(a)(1) is the trial court's *order* setting aside the indictment . . . , not an objection by the State under [the predecessor to Rule 33.1]."), *aff'd*, 824 S.W.2d 181 (Tex. Crim. App. 1992).

Nevertheless, in arguing that the State failed to preserve error for review, Perez directs us to our sister court's decision in *State v. Nueman*, 631 S.W.3d 866 (Tex. App.—San Antonio 2021, no pet.). In *Nueman*, the trial court, without notice or a hearing, sua sponte dismissed a misdemeanor complaint for want of prosecution, and the State filed its notice of appeal. *Id.* at 867. The court of appeals first noted that, in general, the rules of error preservation apply equally to the State and defendant, and it then analyzed whether the State was required to object to the trial court's dismissal to preserve error for review. *Id.* at 868. In doing so, it reviewed the "three distinct kinds" of error preservation rules in criminal cases: (1) unwaivable and unforfeitable rights (category one); (2) rights that "enjoy special protection because they are fundamental to the proper functioning of the adjudicatory process and may be abandoned only if the record reflects that they have been plainly, freely, and intelligently waived in the trial court" (category two); and (3) rights that may be asserted at the litigant's option and are forfeitable for failure to raise the matter by an objection (category three). *Id.* at 869 (quoting *Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017)).

The court first noted that a trial court has no authority to dismiss a case without a

6

prosecutor's consent. *Id.* (quoting *State v. Johnson*, 821 S.W.2d 609, 613 (Tex. Crim. App. 1991)). The court next stated that "the State's right to maintain a criminal prosecution enjoys special protection because it is fundamental to the proper functioning of the adjudicatory process." *Id.* Accordingly, the court concluded that the trial court's sua sponte dismissal in that case "implicate[d] a category-two right." *Id.* at 869. The court thus held that "[w]hile the State may waive a complaint about such an improper dismissal by consenting to dismissal," under the facts of that case, because it did not waive its right, the State did not need to object to the dismissal to raise its argument for the first time on appeal. *Id.*

Assuming without deciding that the State's right to maintain a criminal prosecution is a category-two right subject to waiver by consent, the record in this case does not reflect that the State "plainly, freely, and intelligently" waived its right to prosecute Perez. *See Proenza*, 541 S.W.3d at 792; *Nueman*, 631 S.W.3d at 869. First, the State neither filed a motion to dismiss nor requested one at trial. Instead, the State sought a continuance and argued against the dismissals at trial by informing the trial court that it was working to transfer Perez from federal to state custody. Second, immediately after the State informed the court that it had yet to secure Perez's transfer and requested a continuance, the trial court denied the State's request and warned the State that if it did not dismiss the cases, then the trial court would. While the trial court then inquired whether the State had any objections or wanted to put anything on the record, the trial transcript reflects that any objection by the State would have been futile. Besides for the trial court's "dismiss or I will dismiss" statement, the trial court clearly and expressly indicated its intent

7

to dismiss the cases, notwithstanding any objections, when it informed the State it was "not going to have another hearing" on the matter. In fact, even after the State "rest[ed]," the trial court dismissed the cases rather than ruling on Perez's guilt or innocence.

Nevertheless, in response to the trial court's inquiry, the State reiterated its desire to prosecute Perez. It informed the court that it had worked to transfer Perez to state custody, that it was in the process of securing a plea deal with him, and that there was some trial schedule confusion. The trial court's dismissal order even states that "the State of Texas desired to prosecute [Perez]." The trial court replied that nothing required it to accept a plea to proceed in Perez's absence and that, even with scheduling confusion, the State failed to file anything to secure Perez's presence. The trial court then repeated that if the State did not dismiss the cases then it would. The court concluded by asking the State whether it had any objection to the dismissal of the cases. The record reflects there was "[n]o response" to the court's question. The court again prompted a response from the State: "Anything else from the State? Any reason I don't have the authority to dismiss [the five cases] for all the reasons that [the court] stated?" It was only then at the trial court's urging that the State responded, "No objections[] from the State."

Far from demonstrating the State's plain, free, and intelligent waiver of its right to prosecute Perez, the record in this case reflects the trial court's decision to dismiss the cases regardless of the State's objections. Consequently, we conclude that the State did not consent to the dismissal of the five cases against Perez, and that error is preserved for our review. *See* TEX. R. APP. P. 33.1; *Nueman*, 631 S.W.3d at 869.

### III.    DISMISSAL OF COMPLAINTS

By its sole issue on appeal, the State argues that the trial court erred by sua sponte dismissing five misdemeanor complaints against Perez.

### A.    Applicable Law & Standard of Review

"It is well established that there is no general authority that permits a trial court to dismiss a case without the prosecutor's consent." *State v. Hill*, 558 S.W.3d 280, 284 (Tex. App.—Dallas 2018, no pet.) (citing *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003)). "A trial court may dismiss a charging instrument to remedy a constitutional violation, but such dismissal is 'a drastic measure only to be used in the most extraordinary circumstances.'" *Id.* (quoting *Mungia*, 119 S.W.3d at 817); *see State v. Frye*, 897 S.W.2d 324, 330 (Tex. Crim. App. 1995). We review a trial court's dismissal of a charging instrument for an abuse of discretion. *State v. Terrazas*, 962 S.W.2d 38, 42 (Tex. Crim. App. 1998). "Where there is no constitutional violation, or where the defendant's rights were violated but dismissal of the indictment was not necessary to neutralize the taint of the unconstitutional action, the trial court abuses its discretion in dismissing the indictment without the consent of the State." *Hill*, 558 S.W.3d at 284 (citing *Mungia*, 119 S.W.3d at 817).

### B.    Analysis

The trial court dismissed Perez's five misdemeanor charges sua sponte, citing the "violat[ion of] many constitutional principles as they relate to the attachment of a defendant in a criminal case," including Perez's "right to the effective assistance of counsel," "right to due process and due course of law," and "right to confront and cross-

examine." Specific details as to how those rights were purportedly violated are entirely lacking. Indeed, Perez never requested the dismissal of his charges; rather, he was negotiating a plea agreement with the State. Nonetheless, we address, to the extent possible, the bases for dismissal cited by the trial court.

As to an ineffective assistance of counsel claim, both the Federal and Texas Constitutions guarantee an accused the right to reasonably effective assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see* TEX. CODE CRIM. PROC. ANN. art. 1.051; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that: (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 686; *Ex parte Garza*, 620 S.W.3d 801, 808 (Tex. Crim. App. 2021). Failure to satisfy either prong defeats an ineffective assistance claim. *Strickland*, 466 U.S. at 697; *Ex parte Garza*, 620 S.W.3d at 808. Here, Perez never claimed that his trial counsel was ineffective, and, in any event, we see nothing in the record evidencing deficient performance. Perez's counsel was present at the status hearing, presented the court with Perez's motion for plea in absentia, and announced ready at the September 27 bench trial. Accordingly, the trial court could not have dismissed the complaints on a theory of ineffective assistance of counsel. *See Mungia*, 119 S.W.3d at 817.

Next, the trial court did not specifically state how Perez's rights to due process and due course of law were allegedly violated in this case. To the extent the court sought "to protect [Perez]'s due process rights proscribing oppressive delay, we . . . note that

[Perez] never raised such a complaint and the due process clause applies to oppressive delays from the time of the alleged offense to the time the charging instrument is filed." *State v. Mason*, 383 S.W.3d 314, 316 (Tex. App.—Dallas 2012, no pet.). Due process requires dismissal of a complaint if a defendant shows that a pre-complaint delay caused (1) substantial prejudice to the defendant's rights to a fair trial and (2) that the delay was an intentional device to gain tactical advantage over the accused. *United States v. Marion*, 404 U.S. 307, 322 (1971); *State v. Krizan-Wilson*, 354 S.W.3d 808, 814 (Tex. Crim. App. 2011). Here, in each case, (1) the State charged Perez by complaint between four days and three and one-half months after the alleged offense date, (2) there is no evidence that Perez was prejudiced by the delay in bringing charges, and (3) there is no evidence that the State delayed charging Perez or that the purported delay was intentional. *See Krizan-Wilson*, 354 S.W.3d at 814 (holding that a twenty-three-year period between the offense date and the date the State charged appellee with murder did not violate appellee's due process rights); *Mason*, 383 S.W.3d at 316 (holding that a four-month period between the offense date and the date the State charged appellee by information did not violate appellee's due process rights). Thus, the record fails to support the trial court's action on the basis of oppressive delay. *See Mungia*, 119 S.W.3d at 817.

To the extent the trial court dismissed the five cases on speedy trial grounds, Perez never moved for a speedy trial or complained of a delay in this case. *See Barker v. Wingo*, 407 U.S. 514, 532 (1972) ("We emphasize that failure to assert the right [to speedy trial] will make it difficult for a defendant to prove that he was denied a speedy trial."); *Neuman*, 631 S.W.3d at 870 (reversing and remanding the trial court's dismissal order as, "[t]o the

11

extent the trial court's order intended to specify [appellee]'s right to a speedy trial as a basis for the dismissal, [appellee] never asserted his constitutional rights to a speedy trial or sought dismissal on speedy trial or due process grounds" (citing *State v. Munoz*, 991 S.W.2d 818, 825 (Tex. Crim. App. 1999))); *Mason*, 383 S.W.3d at 316 ("[T]he record contains no evidence showing appellee moved for a speedy trial or complained of a delay in the case. In fact, the record shows appellee was not incarcerated as he awaited trial. Accordingly, the trial court had no authority to dismiss the case with prejudice based on a speedy trial ground."). Moreover, the State and Perez were actively negotiating a plea agreement, and Perez filed a motion for the cases to proceed in his absence. Accordingly, the trial court could not have dismissed these cases on speedy trial grounds. *See Mungia*, 119 S.W.3d at 817; *Mason*, 383 S.W.3d at 316.

On appeal, the State focuses its arguments primarily on the trial court's ruling that Perez's "right[s] to confront and cross-examine" were violated. The State contends that those rights "are properly protected by trial and not by dismissal." Further, the State argues the trial court was without authority in this case to order a bench trial.

The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI; *see Garcia v. State*, 149 S.W.3d 135, 140 (Tex. Crim. App. 2004). "One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom during his trial." *Garcia*, 149 S.W.3d at 140 (citing *Illinois v. Allen*, 397 U.S. 337, 338 (1970)). "The right of confrontation includes not only the right to face-to-face confrontation, but also the right to meaningful

and effective cross-examination." *Coronado v. State*, 351 S.W.3d 315, 325 (Tex. Crim. App. 2011) (cleaned up). "Indeed, it is that personal presence of the defendant and the right to ask probing, adversarial cross-examination questions that lies at the core of an American criminal trial's truth-seeking function." *Id.*; *see Hughes v. State*, No. 14-20-00628-CR, 2022 WL 778980, at *3 (Tex. App.—Houston [14th Dist.] Mar. 15, 2022, pet. granted).

The United States Constitution and the Texas Constitution also both guarantee the right to a jury trial. *Rios v. State*, 626 S.W.3d 408, 413 (Tex. App.—Dallas 2021, pet. granted) (first citing U.S. CONST. amend. VI; and then citing TEX. CONST. art. 1, § 15); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.12 ("The right of trial by jury shall remain inviolate."). A defendant, however, may waive his right to a jury trial. "As a matter of federal constitutional law," to proceed with a bench trial in such a situation, "the State must establish, on the record, [the] defendant's express, knowing, and intelligent waiver of jury trial." *Rios*, 626 S.W.3d at 413 (citing *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009)). "A defendant's mere acquiescence in proceeding to trial without a jury does not constitute an express waiver." *Id.* (citing *Ex parte Lyles*, 891 S.W.2d 960, 962 (Tex. Crim. App. 1995)).

Texas law provides that in cases other than criminal prosecutions in which the State seeks the death penalty, a defendant

> shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that . . . *the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state.* The consent and approval by the court shall be entered of record on the minutes of the court, *and the consent and approval of the attorney representing the state shall be in writing,*

13

*signed by that attorney,* and filed in the papers of the cause before the defendant enters the defendant's plea.

TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (emphasis added).

Perez never waived his right to a jury trial, and the State never consented to a bench trial. *See id.* The trial court thus erred by setting the cases for a bench trial. *See In re State ex rel. Ogg*, 618 S.W.3d 361, 365 (Tex. Crim. App. 2021) ("The [trial court] simply does not have the authority to conduct a bench trial when the State has not consented.") (orig. proceeding); *State ex rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex. Crim. App. 1992) ("We hold [the trial court] does not have the discretion to serve as a factfinder in the trial of a misdemeanor case absent the consent and approval of the State as prescribed by Art. 1.13(a) . . . to the accused's waiver of jury trial"); *State v. Allen*, 953 S.W.2d 769, 771 (Tex. App.—Corpus Christi–Edinburg 1997, no pet.) (reversing the trial court's judgment and remanding for a jury trial "[b]ecause no waiver of jury trial was made by appellee or approved by the prosecution, [thus,] the trial court was without authority to conduct a 'trial' or sit as factfinder").[2]

Moreover, assuming, arguendo, that a bench trial was properly ordered and Perez's absence at the bench trial violated his confrontation and cross-examination rights, the trial court had sufficient options to "neutralize the taint" of the purported constitutional

---

[2] Perez argues on appeal that Article 1.13 "is specifically enumerated for when the accused is planning on taking a plea, which is clearly not the case here, since the accused by his attorney, agreed to a [b]ench [t]rial," and so the trial court had the ability to order a bench trial without the State's consent. *See* TEX. R. CRIM. PROC. ANN. art. 1.13. We disagree for two reasons. First, Article 1.13 applies "upon entering a plea." *See id.* In misdemeanor cases, one can "enter a plea" of not guilty, guilty, or nolo contendere. *See id.* arts. 27.14, 27.16. Perez evidently misconstrues the "enter a plea" language to mean "enter a plea agreement with the State." Second, Article 1.13 sets out the requirements for a defendant to waive a jury trial—including a written waiver by the defendant made in person. *See id.* art. 1.13. Those requirements were not met in this case, so Perez's attorney was unable to waive Perez's rights on his behalf. *See id.*

14

violation, such that dismissal of the five complaints was improper. *See Mungia*, 119 S.W.3d at 817. Indeed, two options then before the court were to either proceed in Perez's absence—as Perez requested—or grant the State's request for a continuance to allow for Perez's transfer to state custody. *See id.* Nothing in the record sufficiently explicates why those options were not adequate or accepted. Accordingly, we cannot conclude that the facts in this case created an "extraordinary circumstance" permitting the trial court to dismiss the five cases against Perez without the State's permission. *See Mungia*, 119 S.W.3d at 816; *Frye*, 897 S.W.2d at 330; *Hill*, 558 S.W.3d at 284. For the same reason, we do not venture to determine whether any other theoretical constitutional violation has occurred. *See State v. Harbor*, 425 S.W.3d 508, 516 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("We do not need to determine whether any other constitutional violation has occurred because, even if it has, we hold that it is not necessary to dismiss the charge against appellee in order to neutralize the taint [of any purported constitutional violation].").[3]

We thus sustain the State's issue on appeal. On remand, the parties may properly decide whether to try these cases by a jury or bench trial, or if Perez still desires to enter a plea agreement.[4]

---

[3] Perez further argues that "the State violated [his] access to . . . his counsel." He does so by citing authority regarding the attachment of a defendant's right to counsel in a criminal case. The record reflects that Perez was represented by counsel in each cause and lacks an argument by Perez that he was questioned in violation of his Sixth Amendment right to counsel. *See* U.S. CONST. amend. VI; TEX. R. APP. P. 33.1.

[4] The State also argues that, under Article 27.19 of the Texas Code of Criminal Procedure, the trial court erred by failing to grant Perez's motion for plea in absentia. *See* TEX. CODE CRIM. PROC. ANN. art. 27.19(a) ("Notwithstanding any other provision of this code, a court shall accept a plea of guilty or nolo contendere from a defendant who is confined in a penal institution" if certain procedural safeguards are met). The State appears to believe that Perez, by his motion, sought to enter a plea of guilty or nolo

## IV.   CONCLUSION

We reverse the trial court's order dismissing the five complaints in these cases and remand the cases to the trial court for further proceedings consistent with this memorandum opinion.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of August, 2022.

---

contendere in absentia, and it contends that Article 27.19's "*shall*" language clearly shows the trial court erred by not allowing him to do so. *See id.* However, citing Article 42.14, Perez's motion requests only that the cases proceed in his absence. *See id.* art. 42.14 ("In a misdemeanor case, the judgment and sentence may be rendered in the absence of the defendant."). The motion lacks any indication that Perez sought to plead guilty or nolo contendere in absentia pursuant to Article 27.19. *See id.* art. 27.19. We overrule the State's Article 27.19 argument.