The **STATE of Texas ex rel. Travis B. BRYAN, III,** District Attorney, Brazos County, Relator,

v.

**W.T. McDONALD, Jr.,** Judge, 85th Judicial District Court of Brazos County, Respondent.

No. 69,212.

Court of Criminal Appeals of Texas, En Banc.

Dec. 5, 1984.

Travis B. Bryan, III, Bryan, for relator.

William W. Vance, Bryan, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

CLINTON, Judge.

This cause seeks invocation of the original subject matter jurisdiction of the Court provided by Art. V., § 5, Tex. Const. and Article 4.04, V.A.C.C.P., and is denominated an application for writ of mandamus by the Petitioner.

The record establishes that on March 28, 1983, the Brazos County District Attorney (Petitioner) entered into a written plea

agreement in Cause No. 14,489,[1] with the defendant therein, Frances Harris, and her attorney. Under that agreement, the State was to recommend a sentence of six years confinement in exchange for the defendant's plea of guilty; further, the State had agreed to dismiss three other unidentified cases pending against the accused.

On August 12, 1983, the cause was called for trial before our Respondent. Defense counsel immediately announced:

"We are here based on the fact that the Court has informed us that there is a new proposed assessment of punishment in which shock probation will be considered, and Ms. Harris has agreed to that, understanding the fact that her conduct in the Texas Department of Corrections will be the final say as to whether she will actually get shock probation, but the Court would promise to consider it as part of this plea.

THE COURT: That is correct. * * * "

Respondent proceeded to admonish the accused and explain to her the effect of waiving her constitutional rights. After Respondent informed Harris of her right to trial by jury, he asked if it was her desire to waive that right. The following occurred:

"MR. VANCE [Defense Counsel]: Frances, if it is still your desire to waive a jury trial, I will ask you to sign the application.

(Witness complied.)

MS. LALK [Prosecutor]: *The State does not consent to waive trial by jury.*[2]

THE COURT: I don't know whether the State has a right to trial by jury. This is real nice of you to wait until this morning to do this.

MS. LALK: I didn't know until this morning there was a shock plea.

\*       \*       \*       \*       \*       \*

THE COURT: This is a good test case. I don't know whether the State has a right to a trial by jury so *I am going to proceed anyway,* and we can see where we go from here.

The State having refused to consent to a trial by jury [sic] and the Court being of the opinion that perhaps the State is not entitled to a trial by jury in a plea situation—the Constitution provides that the accused has a trial by jury right and not the State—*the court will consent to waive the trial by jury and we will proceed.*"

Respondent did continue the plea hearing, but the prosecutor declined to offer the written plea agreement; it was admitted as a "Court's Exhibit." Respondent accepted the defendant's plea, assessed her punishment and pronounced sentence at six years confinement.

Respondent immediately entered written judgment and sentence and filed it with the clerk on the same day, August 12, 1983.

Some two months and two weeks later, Petitioner filed this action directly with the Clerk of this Court on October 27, 1983. He alleged Respondent was "without authority to proceed to trial without securing a waiver of jury trial in compliance with Art. 1.13, V.A.C.C.P." The relief requested by Petitioner is that we issue the writ of mandamus directing Respondent "to vacate the judgment and sentence entered in Cause Number 14,489, and further directing Respondent ... to set Cause Number 14,489 for jury trial."

■ For the reasons stated in our opinion *Turner v. McDonald,* 676 S.W.2d 371 (Tex.Cr.App.1984), we agree with Petitioner that the accused's statutory right to a trial before the court, sitting without a jury, is conditioned upon and limited by the State's consent to waiver of trial by jury. Article 1.13, supra.

---

**1.** The record indicates the charge was "delivery of a controlled substance," a first degree felony. Apparently, the "controlled substance" was methamphetamine.

**2.** All emphasis is added by the writer of this opinion unless otherwise indicated.

However, it is clear the State's consent is not essential to the district court's *power* to decide criminal cases; in other words, the State's consent is not jurisdictional. E.g., *Ex parte Collier*, 614 S.W.2d 429 (Tex.Cr.App.1981). See generally *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr.App. 1980) [wherein the jurisdiction of district courts is thoroughly analyzed]. Thus, neither the plea hearing nor the judgment entered in Cause No. 14,489, can be said to be void. Cf. *Garcia v. Dial*, supra.

A trial court is not authorized to set aside a valid judgment of conviction and order a new trial except on timely motion of the defendant. Articles 40.02, 40.03, 40.05, 41.01, V.A.C.C.P. and Art. V., § 26, Tex. Const. See also *Benson v. State*, 661 S.W.2d 708 (Tex.Cr.App.1982) (Opinion on State's Motion for Rehearing).

It is axiomatic that mandamus will not issue to compel Respondent to perform an act he has no authority to do. Cf. *Garcia v. Dial*, supra.

The relief sought is denied.