**Ex Parte Aaron Lee GEORGE.**

**No. 01–93–00997–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 14, 1994.

Jerry D. Conner, Houston, for appellant.

John B. Holmes, Jr., J. Harvey Hudson, Lyn McClellan, Jerald Graber, Harris County, for appellees.

Before ANDELL, COHEN and WILSON, JJ.

## OPINION

ANDELL, Justice.

Aaron Lee George appeals from the denial of his application for writ of habeas corpus, requesting his discharge on the ground that double jeopardy precludes his being tried for the offense with which he is charged. We reverse and grant the requested relief.

## The Facts [1]

George was charged by indictment with the misdemeanor offense of negligent homicide in cause number 92–15180. On February 17, 1993, the State refiled its case in cause number 93–07394, alleging acts of negligence different from those alleged in cause number 92–15180. The State then moved to dismiss cause number 92–15180, and the court granted the State's motion.

On February 22, cause number 93–07394 was called for trial. George pled "not guilty"

1. George and the State have stipulated to these facts.

2. The State had filed the case under another cause number, 93–09581, before filing under cause number 93–42726. At the hearing on George's application, the prosecutor explained that "[t]he only difference in [cause numbers 93–

and executed a written waiver of his right to a jury trial. The prosecutor, however, refused to consent to George's waiver, and declined to sign the waiver form. The prosecutor then requested a jury trial.

The (visiting) judge informed the parties that he was going to follow the "court's policy" of not allowing the State a jury trial unless the defendant, too, wished to have the case tried by a jury. The prosecutor moved for a continuance, but the judge denied the motion.

The prosecutor then indicated that he would dismiss the case and refile it. The judge, however, announced that he would refuse to approve the attempted dismissal. The prosecutor moved to dismiss, and the judge refused to dismiss the case. Instead, without the prosecutor's consent, the judge pronounced the State ready for trial. The prosecutor protested the judge's action, arguing that the court had no authority to announce that the State was ready for trial. The judge then called on the State to present its evidence. The State presented no evidence. The judge then found George not guilty and ordered the clerk to enter a judgment of acquittal.

On March 4, the State refiled its case under cause number 93–42726.[2] George applied for a writ of habeas corpus, and the court denied relief.

In his sole point of error, George contends that the court erred in denying him habeas relief because a trial of cause number 93–42726 is barred by the double jeopardy provisions of the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure. He argues that he "went to trial on the exact offense with which he now stands charged and ... was found not guilty of that offense."

09581 and 93–42726] is the complainant's name on the first number was spelled incorrectly and we changed it to make it spell correctly. So for purpose of this hearing, we are just carrying those together like they're one.... We would dismiss [cause number 93–09581] [if there is a trial]."

### Does Jeopardy Bar a Trial of Cause Number 93–42726?

■ The Fifth Amendment to the United States Constitution states in relevant part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. CONST. amend. V.

Article one, section 14 of the Texas Constitution states:

No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.

TEX. CONST. art. I, § 14.

The federal and state constitutional prohibitions against double jeopardy are "conceptually identical." *Phillips v. State*, 787 S.W.2d 391, 393 n. 2 (Tex.Crim.App.1990); *Heyduck v. State*, 814 S.W.2d 156, 157 (Tex. App.—Houston [1st Dist.] 1991, no pet.). Both preclude another prosecution for the same offense after an acquittal. *See Heyduck*, 814 S.W.2d at 157.

Article 1.11 of the Code of Criminal Procedure states:

An acquittal of the defendant exempts him from a second trial or a second prosecution for the same offense, *however irregular* the proceedings may have been; but if the defendant shall have been acquitted upon trial in a court having no jurisdiction of the offense, he may be prosecuted again in a court having jurisdiction.

TEX.CODE CRIM.P.ANN. art. 1.11 (Vernon 1977) (emphasis added).

When a defendant argues that double jeopardy applies because of a previous acquittal, the analyses under the Texas Constitution and article 1.11 are essentially the same. *See Thompson v. State*, 527 S.W.2d 888 (Tex. Crim.App.1975).

Nothing occurred during this proceeding that compels us to hold that jeopardy did not attach. While it is "irregular" for the trial court to announce "ready" for the State, the State concedes in its brief that:

Apart from the unconstitutional Speedy Trial Act, there is no statutory requirement under the law that the State make any announcement of ready or that the trial court seek any such announcement from the parties before proceeding to trial.... Since the trial judge had the authority to proceed to trial without an announcement of ready from the State, it would seem logical that he also possessed the authority to involuntarily enter an announcement of ready on behalf of the State.

Thus, under the State's own argument, the trial court had the authority to announce "ready" for the prosecutor.

The State asserts that under *State ex rel. Turner v. McDonald*, 676 S.W.2d 371, 373–74 (Tex.Crim.App.1984), and *State ex rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex.Crim.App. 1992), the prosecutor's refusal to consent to a bench trial rendered the subsequent proceeding "a nullity," because the State, due to the prosecutor's refusal to consent, was entitled to a jury trial, and the trial court denied the State that entitlement. Neither case, however, applies here.

In *McDonald*, the defendant was charged with burglary of a habitation. 676 S.W.2d at 371 n. 1. The defendant, both orally and in writing, expressed his desire to waive trial by jury. *Id.* at 371. The prosecutor, however, refused to consent to the waiver. *Id.* at 371–72. His refusal was premised on article 1.13, which then stated in relevant part as follows:

The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State.

*Id.* at 372.[3] Despite the prosecutor's refusal to consent, the judge heard evidence on the plea of guilty and took the case under advisement without finding the defendant guilty or pronouncing judgment. *Id.* The State then filed for a writ of mandamus.

Against the backdrop of these particular facts, the Court of Criminal Appeals granted mandamus relief. 676 S.W.2d at 374. The court ordered the judge to set the cause for a jury trial, and specifically prohibited him from entering a judgment in the case "except upon verdict of a jury as prescribed by law or in the event the State exercises its discretion to consent to the waiver of a jury trial." *Id.*

This case, however, is different. Here, unlike in *McDonald,* a *judgment* was entered—the trial court acquitted the defendant. The entry of a final judgment supports a plea of jeopardy. *Ramirez v. State,* 147 Tex.Crim. 256, 179 S.W.2d 976 (1944) (op. on reh'g); *Marr v. State,* 689 S.W.2d 290, 292 (Tex.App.—Waco 1985, pet. ref'd).

In *Carr,* the case proceeded only as far as the trial court indicating its intent to set the case for trial before the bench. 847 S.W.2d at 561. As in *McDonald,* no judgment was entered.

■ We acknowledge that, under *McDonald* and *Carr,* trial courts "do[ ] not have the discretion to serve as a factfinder in the trial of a[n] [article 1.13] case absent the consent and approval of the State as prescribed by Art. 1.13(a) [ ] to the accused's waiver of jury trial." *Carr,* 847 S.W.2d at 562; *see McDonald,* 676 S.W.2d at 374. However, the State's instrument to invoke this principle, and thus compel a trial court to allow a jury trial, is mandamus, the very tool used in *McDonald* and *Carr.*[4] Here, the

State never sought a writ of mandamus, and allowed the trial court to render a judgment of acquittal. An acquittal exempts a defendant from a second trial, however irregular the proceedings may have been, as long as the trial court had jurisdiction. TEX.CODE CRIM.P.ANN. art. 1.11. The trial court plainly had jurisdiction. A second prosecution is barred.

### Conclusion

Double jeopardy bars the State from trying George again. We sustain George's point of error, reverse the denial of habeas relief, and order George discharged.

---

3. Article 1.13 now states in relevant part that the prosecutor's consent and approval to a waiver of jury trial are required "in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty," instead of "in a criminal prosecution for any offense classified as a felony less than capital." *Compare* TEX.CODE CRIM.P.ANN. art. 1.13(a) (Vernon Supp.

1994) *with* TEX.CODE CRIM.P.ANN. art. 1.13 (Vernon 1977).

4. We note that the State could not have appealed the judgment of acquittal. *See* TEX.CODE CRIM. P.ANN. art. 44.01 (Vernon Supp.1994) (listing those instances in which the State may appeal).