**Ex Parte Aaron Lee GEORGE.**

No. 578–94.

Court of Criminal Appeals of Texas, En Banc.

Nov. 29, 1995.

Discretionary Review Denied Jan. 10, 1996.

Jerry D. Conner, Houston, for appellant.

J. Harvey Hudson, Asst. Dist. Atty., Houston, and Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR
DISCRETIONARY REVIEW*

MEYERS, Judge.

When the State charged appellant by information with criminally negligent homicide, he filed a pretrial application for writ of habeas corpus, claiming that the prosecution was jeopardy barred by an unusual incident which occurred a few weeks earlier. At that time, appellant had entered a plea of not guilty to another information, also charging him with criminally negligent homicide, and had signed an instrument waiving his right to a jury trial. But the prosecuting attorney would not consent to the waiver, as is his right under Texas statutory law. Code Crim.Proc. art. 1.13. The trial judge, for reasons which are not entirely clear, nevertheless demanded that the State proceed to trial without a jury and, when the prosecutor refused, ordered the clerk to prepare a judgment showing that appellant had been found not guilty.

Shortly afterwards, however, the State filed a new information charging appellant with the same offense. That information is the subject of the instant proceeding. Appellant argues that the earlier judgment, reciting he was found not guilty, proves that he was acquitted of the charged offense and cannot, therefore, be tried for it again. The habeas court denied relief, but the First Court of Appeals reversed, holding the prosecution to be jeopardy barred on account of appellant's prior acquittal. *Ex parte George,* 874 S.W.2d 916 (Tex.App.—Houston [1st] 1994). We granted the State's petition for discretionary review to elaborate the conditions under which a person is acquitted for purposes of Texas statutory prohibitions against retrial after an acquittal. Tex. R.App.Proc. 200(c)(2).

This case is not really about double jeopardy, state or federal. It is really about a Texas statute, which provides in part that "[a]n acquittal of the defendant exempts him from a second trial or a second prosecution for the same offense, however irregular the proceedings may have been[.]" Tex.Code Crim.Proc. art. 1.11. *See also* art. 28.13. Of course, double jeopardy principles in general do have something to do with this statute.

There is, after all, a kinship between it and article I, section 10 of the Texas Constitution, which provides not only that "[n]o person, for the same offense, shall be twice put in jeopardy of life or liberty," but also that no person shall "be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." The point to be emphasized in the present context is that the first constitutional prohibition, the one specifically having to do with double "jeopardy," does not seem to be involved much in this case. Only the prohibition against a second prosecution following an "acquittal" or a "verdict of not guilty" is clearly at issue.

■ In most situations, this distinction would not be important. Some aspects of double jeopardy law are virtually coextensive with the law of prior acquittal. But the modern development of constitutional jurisprudence makes the resolution of jeopardy questions to depend, in most contexts, upon a doctrine known as the attachment of jeopardy. Thus, before it can be said that an accused has been put in jeopardy a second time, in violation of the Texas or United States Constitution, it must appear that he was actually put in jeopardy before. In the instant cause, however, it is reasonably clear that appellant was never put in jeopardy for the offense of which he was purportedly acquitted, since no jury was ever empaneled or sworn, no evidence was offered or received, and no plea was entered by appellant after the announcement of ready by both sides. In short, jeopardy did not attach to appellant in this case, either for purposes of the United States Constitution or for purposes of the Texas Constitution. *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *State v. Torres,* 805 S.W.2d 418, 420–21 (Tex.Crim. App.1991).

It is no wonder, therefore, that the Court of Appeals did not pause long on the question of jeopardy attachment. Indeed, its entire discussion of the subject appears in a terse comment on the fourth page of its opinion. "Nothing occurred during this proceeding that compels us to hold that jeopardy did not

attach." *Ex parte George*, 874 S.W.2d at 918. This remark underscores the real thrust of the lower court's opinion, which is devoted to the argument that a successive prosecution is barred, not because the appellant was formerly in jeopardy for the same offense, but because he was actually acquitted of it. In fact, what makes this case so interesting is that he was acquitted of it without ever having been in jeopardy for it in the first place.

If this were just a case of double jeopardy, therefore, the fact that appellant was never at risk of a conviction would be sufficient for the conclusion that a successive prosecution is not barred. But, as is manifest from the Court of Appeals's opinion, the issue here is more a question of whether the appellant was "acquitted" or found "not guilty" than of whether he was in "jeopardy" before. And this presents a somewhat more puzzling problem.

From reading its opinion in this case, it seems to us that the Court of Appeals simply assumed appellant was acquitted because the trial judge said so. It then reckoned that, because the trial court had jurisdiction of the case, any other error or defect associated with the acquittal must have been merely an "irregular[ity]" within the meaning of article 1.11. But, this process of reasoning is incomplete. Just because the County Criminal Court at Law Number 1 of Harris County has jurisdiction of criminally negligent homicide prosecutions does not mean that appellant was really acquitted in this case.

■ In the first place, jurisdiction, at least in the narrow sense, is something possessed by courts, not by judges. The judge is merely an officer of the court, like the lawyers, the bailiff and the court reporter. He is not the court itself. Accordingly, if we consider the question presented as a matter of the judge's authority, not of the court's jurisdiction, it is apparent that the judge in this case did not have authority to acquit the appellant. This is true not only because he had no discretion to serve as factfinder in the case, but because factfinders have no discretion to reach a verdict of any kind outside the context of a trial. *See, e.g.*, Tex.Code Crim. Proc. arts. 1.13(a), 36.13, 37.01, 37.04, 37.07

§ 1, 38.05. The Court of Appeals effectively admits this to be true by conceding that a writ of mandamus would lie to force performance of the judge's ministerial duties in this matter. *State ex rel. Turner v. McDonald*, 676 S.W.2d 371, 373–74 (Tex.Crim.App.1984); *State ex rel. Curry v. Carr*, 847 S.W.2d 561 (Tex.Crim.App.1992).

■ In the second place, entry of a judgment of acquittal is itself a ministerial duty, not a matter of discretion. After all, the trial judge is required by law to enter judgment on the verdict. Tex.Code Crim. Proc. art. 37.12. Thus, the judgment in a criminal case merely documents the fact of, and certain important events associated with, the process leading to conviction or acquittal. Tex.Code Crim.Proc. art. 42.01. It is not the conviction or acquittal itself. *Jones v. State*, 795 S.W.2d 199 (Tex.Crim.App.1990). Consequently, if the judgment reflects that an accused was acquitted, and it is later made to appear that he was not acquitted in fact, the judgment may be reformed accordingly. For this reason, the fact that a judgment of acquittal was entered by the trial judge in the instant cause does not alone settle the question whether appellant was actually acquitted. And because it is clear that article 1.11 of the Code and article I, section 14 of the Constitution do not forbid retrial after acquittal unless the accused was *actually* acquitted, there is a good deal more to be said about the instant cause than that a judgment of acquittal was entered by the trial judge before we can know for sure whether the law forbids another prosecution on this ground.

■ In an ordinary case, we would indulge a presumption of regularity in support of the judgment, finding that its recitation of acquittal is sufficient to establish an acquittal in fact. *E.g., Goffney v. State*, 843 S.W.2d 583, 585 (Tex.Crim.App.1992). But the record in this case reflects all events necessary to determine whether appellant was actually acquitted with sufficient clarity that no presumption of regularity is necessary. *Ex parte Lyles*, 891 S.W.2d 960, 961 (Tex.Crim. App.1995). And it is a given in the instant cause that events leading to the judgment were anything but regular. The question

then is whether any of these events constitutes an acquittal in contemplation of our law.

■ As far as we have been able to determine, there is no Texas statute expressly defining the word "acquittal." But the context in which it appears throughout the Code of Criminal Procedure creates a powerful inference that it means a finding of fact that the accused is not guilty of the criminal offense with which he is charged. *See, e.g.,* Tex.Code Crim.Proc. arts. 37.10, 37.12, 38.17, 42.01, 46.02. And not just any finding of fact either. It is an official factfinding, usually the verdict of a jury, made in the context of an adversary proceeding, by an individual or group of individuals with the legal authority to decide the question of guilt or innocence. It is not the opinion of a bystander, the result of a public opinion poll, or the prediction of a medium. And it is not the decision of a person without lawful authority to decide.

■ The trouble in the instant cause is that nothing like an acquittal ever happened. However much the judgment may show that appellant was acquitted, the evidence of what actually occurred shows that he was not, because there was no finding of fact made by any entity authorized by law to do so. It is as if the bailiff had announced that he found the appellant not guilty and the judge had entered such finding in the judgment. We think it clear that the bailiff's announcement would not be an acquittal in contemplation of law because he is not authorized by law to pass upon the culpability of the accused. So also, in the instant cause, the trial judge was not authorized to pass upon the culpability of appellant. Accordingly, his finding that appellant was not guilty has no more legal effect than such a finding by any other unauthorized person or entity would have. In short, it does not amount to an acquittal within the meaning of our law.*

The rest is plain deduction. If appellant was neither put in jeopardy for nor ever actually acquitted of the charged offense, then the prosecution pending against him for that offense is not barred by the Double Jeopardy Clause of the Texas or United States Constitution, and it is not barred by article 1.11 of the Code of Criminal Procedure either. The judgment of the Court of Appeals is, therefore, reversed and the order of the trial court denying habeas corpus relief affirmed.

### DISSENTING OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge, dissenting.

Appellant was charged by information with having committed the offense of criminally negligent homicide. He filed a pre-trial application for habeas corpus contending that a previous acquittal of this offense barred further prosecution. The trial court denied relief, but the court of appeals reversed, ordering that appellant be discharged. *Ex parte George,* 874 S.W.2d 916 (Tex.App.—Houston [1st] 1994). The State's petition was granted to determine whether a judgment of acquittal entered after the trial court improperly denies the State the right to a jury trial bars further prosecution of the same offense. Tex.R.App.Pro., Rule 200(c)(2).

Stipulated facts show that an information alleging the same offense was called for trial and appellant entered a plea of not guilty,[1]

---

* The dissent argues that, because the trial court did not lack jurisdiction of this case and the judgment is therefore not void, we should conclude that "the trial court properly rendered a judgment of acquittal." Dissenting Opinion of Clinton, J. at p. 4. Relying on *State ex rel. Bryan v. McDonald,* 681 S.W.2d 65 (Tex.Crim.App. 1984), the dissent contends that memorialization in the written instrument known to our law as a judgment that an accused is "convicted" or "acquitted" (Tex.Code Crim.Proc. art. 42.01 § 1, Subd. 8–11), however erroneous such memorialization may be in fact, is tantamount to a "conviction" or "acquittal" in itself or conclusively establishes that a "conviction" or "acquittal" actually occurred. For reasons elaborated in *Jones,* 795 S.W.2d 199, we reject the premises upon which this reasoning is based and, to the extent it suggests that a judgment may not be corrected nunc pro tunc when its recitations are factually erroneous, we overrule *Bryan.*

1. The court of appeals derived its recitation of the facts from a stipulation entered into by appellant and the State. See *Ex parte George,* supra, at 917, n. 1. In its recitation the court of appeals asserted that appellant "pled 'not guilty' . . ." *Id.,* at 917. The State does not contest the court of appeals' assertion that appellant entered a not

tendering a waiver of jury. The prosecutor declined to sign this waiver and requested a jury. The trial court denied that request, as well as ensuing motions for a continuance and to dismiss the information. The trial court then called on the State to present its evidence, and when the State refused, found appellant not guilty. The trial court entered a judgment of acquittal. The State subsequently filed a new information alleging the identical offense.

The court of appeals held that the trial court possessed jurisdiction over the cause and had entered a judgment of acquittal. Therefore, a retrial was barred even though the trial court acted in violation of Article 1.13, V.A.C.C.P., in proceeding to trial without a jury when the State had not agreed to waive a jury.

Article I, § 14 of the Texas Constitution states:

"No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, *after a verdict of not guilty in a court of competent jurisdiction.*"[2]

Similarly, Article 1.11 of the Code of Criminal Procedure provides:

"An acquittal of the defendant exempts him from a second trial or a second prosecution for the same offense, *however irregular the proceedings may have been;* but if the defendant shall have been acquitted upon trial in a court having no jurisdiction of the offense, he may be prosecuted again in a court having jurisdiction."

The issue presented in this cause, therefore, is whether a trial court has jurisdiction to proceed to trial without a jury after the State refuses to agree to waive a jury.

The judgment of acquittal relied upon by appellant in this cause was entered in County Criminal Court at Law No. 1 of Harris County. A county court has original jurisdiction of all misdemeanors of which original jurisdiction is not given to the justice court. Article 4.07, V.A.C.C.P.; Article V, § 16, Tex.

Const. A county criminal court at law in Harris County has the criminal jurisdiction provided by law for county courts. V.T.C.A. Gov't Code, § 25.1033(a). Justice courts have jurisdiction in criminal cases where the fine to be imposed by law may not exceed two hundred dollars. Article 4.11, V.A.C.C.P. An information alleging appellant committed the offense of criminally negligent homicide was filed in Harris County on February 17, 1993. Criminally negligent homicide at the time this offense was committed was a Class A misdemeanor, with a permissible fine not to exceed $2,000. V.T.C.A. Penal Code, §§ 19.07 & 12.21(1). Accordingly, at the time appellant entered his plea on February 21, 1993, the trial court had jurisdiction over the offense he allegedly committed.

It is true that the State is entitled to a writ of mandamus to require a trial court to empanel a jury if the State does not consent to waive a jury and no judgment has yet been entered in the cause. *State ex rel. Curry v. Carr,* 847 S.W.2d 561, 562 (Tex.Civ.App. 1992); *State ex rel Turner v. McDonald,* 676 S.W.2d 371 (Tex.Cr.App.1984). However, we have also held that the State's consent to waiver of the jury is not jurisdictional. *State ex rel. Bryan v. McDonald,* 681 S.W.2d 65, 67 (Tex.Cr.App.1984). Once the trial court has entered a judgment and lost jurisdiction to grant a new trial, it cannot be ordered to set aside that judgment. *Id.*

The State argues that even though the *court* had jurisdiction over the case the trial judge had no discretion to act as *factfinder,* that no jeopardy attached, and that the State had no opportunity to seek a writ of mandamus because the trial court would not grant a continuance. However, these arguments do not address the plain language of Article 1.11, V.A.C.C.P., and Article I, § 14 of the Texas Constitution. That the trial court may have erroneously proceeded to trial as factfinder did not divest it of jurisdiction over the cause. *State ex rel. Bryan v. McDonald,*

---

guilty plea; we must take the case in the posture in which it comes before us. *Richardson v. State,* 865 S.W.2d 944, at 947, n. 2 (Tex.Cr.App.1993).

**2.** All emphasis supplied.

supra.[3] In a bench trial, jeopardy attaches when the defendant enters his plea to the indictment. *State v. Torres,* 805 S.W.2d 418, 421 (Tex.Cr.App.1991).[4] Once jeopardy attached, and the State declined to present evidence to satisfy its burden of proof, the trial court properly rendered a judgment of acquittal. That the trial court abused its discretion in acting as factfinder would certainly render the proceedings "irregular." But we have already held that such an irregularity does not operate to void a judgment of *conviction. State ex rel. Bryan v. Mc-Donald,* supra. I cannot imagine why it would void an otherwise valid judgment of *acquittal.* By its plain terms, Article 1.11 "exempts [applicant] from a second trial or a second prosecution for the same offense[.]" So does Article I, § 14.

Without expressly acknowledging it, what the Court really does today is to overrule a unanimous opinion of the Court that has been on the books for more than ten years, *viz: State ex rel. Bryan v. McDonald,* supra. But the State does not even cite this opinion, much less advocate its demise. Instead of summarily overruling it, the Court should be relying on *Bryan* to affirm the judgment of the court of appeals in this cause. Because the Court does not, I dissent.

BAIRD, OVERSTREET and MALONEY, JJ., join.

3. There is nothing in the record to suggest that the State could not have presented its evidence while simultaneously seeking an extraordinary writ to vindicate its statutory veto over bench trials. Having instead chosen not to present any evidence, the State was barred from further prosecution of this offense once the trial court rendered the judgment of acquittal.

4. In *Torres* this Court refused to follow the Fifth Amendment lead and declare that under Article I, § 14 jeopardy attaches in a bench trial when the first witness is sworn. Instead we adhered to long-standing decisional law from this Court holding that jeopardy attaches under our state jeopardy provision when the accused pleads to the indictment, thus joining issue. It is true that in restating the well settled rule, *Torres* declared that jeopardy attaches in a bench trial "when *both sides have announced ready and* the defendant has pled to the charging instrument." *Id.,* at 421. Any requirement that the parties announce ready, however, was not contained in the cases that *Torres* relied upon. Moreover, as the court of appeals noted in its opinion below, even the State concedes that, other than the now-defunct Speedy Trial Act, there is no statutory requirement that the parties announce ready, or that the trial court seek such announcements as a prerequisite to proceeding to trial. *Ex parte George,* supra, at 918. Notwithstanding the gratuitously expansive language in *Torres,* I do not regard the State's failure to announce ready in this cause as sufficient to forestall the attachment of jeopardy under Article I, § 14.