# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00707-CR

**The State of Texas, Appellant**

**v.**

**Ginger Dee Anna Fisher, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 74364, HONORABLE HOWARD WARNER, JUDGE PRESIDING

## O P I N I O N

The State appeals an order by the county court at law purporting to acquit appellee Ginger Dee Anna Fisher of driving while intoxicated and dismissing the cause with prejudice. In its brief, the State frames the issue as follows:

> Whether the trial court, when it had no authority to be the fact finder since the State would not consent to waiving a jury trial, abused its discretion and erred by insisting that it would be the fact finder in the case, forcing the State to a trial before the court, as well as, making a finding of not guilty after the State refused to put on evidence.

Fisher responds by arguing that the State has no right of appeal and that double jeopardy bars a retrial in any event. We conclude that jeopardy did not attach, the purported acquittal was a nullity, and the trial court's judgment is in essence an order of dismissal that is appealable by the State. We will reverse that order and remand for further proceedings.

A trial before the court on an information accusing Fisher of first offense driving while intoxicated was set for November 1, 2004. On that day, the arresting officer failed to appear even though he had been subpoenaed. The State filed a motion for continuance which was denied. The State then announced that it did not consent to a jury waiver and asked that the cause be reset for a jury trial. *See* Tex. Code Crim. Proc. Ann. art. 1.13(a) (West 2005) (State must consent to jury waiver).[1] Defense counsel objected that this was merely a subterfuge to obtain a continuance. The court refused the State's "oral motion for a jury trial setting" and asked if the State was ready to proceed. The State announced that it was not ready. Defense counsel announced ready and asked that the information be read. On the court's instruction, the prosecutor read the information, to which Fisher entered a plea of not guilty. Fisher then called Officer Ed Stapp, the court's bailiff, to testify. Defense counsel asked one question, "Officer Stapp, do you have any personal knowledge of the facts or circumstances of this case?" He answered, "No, sir." With that, both sides rested and the court announced that it found Fisher not guilty. The court subsequently signed and entered a written "judgment and dismissal" reciting that Fisher was found not guilty by the court and dismissing the cause with prejudice.

The State is entitled to appeal an order dismissing an indictment, information, or complaint. Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2005). Under this statute, the State has the authority to appeal from any trial court order concerning an indictment or information (and the court of appeals has jurisdiction to address the merits of the appeal) whenever the order

---

[1] The clerk's record contains a written waiver of jury trial dated November 1, 2004, signed by Fisher and her attorney and by the trial court, but not by counsel for the State.

effectively terminates the prosecution in favor of the defendant. *State v. Moreno*, 807 S.W.2d 327, 332 (Tex. Crim. App. 1991). The right to appeal does not exist, however, where double jeopardy prohibits further prosecution. *Id*. at 332 n.6. Thus, to decide whether this appeal is properly before us, we must decide whether further prosecution of Fisher is barred regardless of any irregularity in the proceedings below.

Both the United States and Texas constitutions provide that no person may be twice put in jeopardy for the same offense. U.S. Const. amends. V, XIV; Tex. Const. art. I, § 10. Our state constitution further provides that no person may be put to trial for the same offense after a verdict of not guilty in a court of competent jurisdiction. Tex. Const. art. I, § 10. Finally, the code of criminal procedure provides that an acquittal of the defendant prohibits a second trial for the same offense however irregular the proceedings may have been. Tex. Code Crim. Proc. Ann. art. 1.11 (West 2005).

Before a defendant can be placed in double jeopardy, he must have been put in jeopardy before, that is, jeopardy must have attached at an earlier proceeding. In Texas, "jeopardy attaches [at a bench trial] when both sides have announced ready and the defendant has pled to the charging instrument." *State v. Torres*, 805 S.W.2d 418, 421 (Tex. Crim. App. 1991).[2] In *Ex parte George*, after the State refused to consent to a jury waiver, the trial court pronounced the State ready for trial over its objection and took the defendant's not guilty plea. 874 S.W.2d 916, 917 (Tex.

---

[2] In federal prosecutions without a jury, jeopardy attaches when the trial court begins to hear evidence. *Serfass v. United States*, 420 U.S. 377, 388 (1975). The Supreme Court has not held that this rule must be applied by the states under the Fifth Amendment. *But cf. Crist v. Bretz*, 437 U.S. 28, 38 (1978) (applying to the states federal rule that jeopardy attaches when jury is empaneled and sworn).

3

App.—Houston [1st Dist.] 1994), *rev'd*, 913 S.W.2d 523, 527 (Tex. Crim. App. 1995). After the State presented no evidence, the court found the defendant not guilty and rendered a judgment of acquittal. *George*, 874 S.W.2d at 917. The State refiled the case under a new cause number and the defendant sought pretrial habeas corpus relief on double jeopardy and prior acquittal grounds. *Id*. Disagreeing with the court of appeals, the court of criminal appeals held that jeopardy did not attach at the original proceeding "since no jury was ever empaneled or sworn, no evidence was offered or received, and no plea was entered by [the defendant] after the announcement of ready by both sides." *George*, 913 S.W.2d at 525. For the same reasons, jeopardy did not attach at the proceeding below in the cause now before us.[3]

Thus, as in *George*, the question becomes whether Fisher was acquitted or found not guilty within the meaning of article 1.11 and the second clause of article I, section 10. An acquittal means a finding of fact that the accused is not guilty of the criminal offense with which she is charged "made in the context of an adversary proceeding, by an individual or group of individuals with the legal authority to decide the question of guilt or innocence." *Id*. at 527. "[I]t is not the decision of a person without lawful authority to decide." *Id*.

A trial court "does not have the discretion to serve as a fact-finder in the trial of a misdemeanor case absent the consent and approval of the State as prescribed by Art. 1.13(a) . . . to the accused's waiver of jury trial." *State ex rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex. Crim. App. 1993) (conditionally granting writ of mandamus directing trial court to set aside order denying

---

[3] Calling the bailiff to testify did not put Fisher to trial before the trier of the facts, *see Serfass*, 420 U.S. at 391, because the trial court was not legally authorized to act as trier of facts. *See Ex parte George*, 913 S.W.2d 523, 527 (Tex. Crim. App. 1995).

State's request for jury trial in misdemeanor case).  Because the record clearly shows that the State did not consent to the jury waiver, the court below "was not authorized to pass upon" Fisher's culpability and its not guilty finding "has no more legal effect than such a finding by any other unauthorized person or entity would have.  In short, it does not amount to an acquittal within the meaning of our law." *George*, 913 S.W.2d at 527.

Fisher argues that the State should be bound by the finding of not guilty because she would be bound by a finding of guilty under these circumstances.  In *Ex parte Collier*, the opinion cited by Fisher, it was held that a defendant could not collaterally attack his conviction on the ground that the State had not signed the jury waiver.  614 S.W.2d 429, 434 (Tex. Crim. App. 1981).  But in that case, the record showed that both the defendant and the State agreed to the jury waiver, and the only procedural flaw was the lack of the prosecutor's signature on the waiver form.  *Id*.  The record now before us, on the other hand, shows that the State did not agree to the jury waiver.  Although we need not decide the question, the logic of the *George* opinion suggests that a finding of guilty by the court under the circumstances presented here would have no legal effect.  *See also George*, 913 S.W.2d at 527 n.*.

It is reasonably clear from the record that the State did not truly want to try this case before a jury, and that it invoked article 1.13(a) simply to obtain the continuance that the trial court, in its discretion, would not grant.  Thus, we are not unsympathetic to the trial court's consternation at the State's conduct.  We are also concerned that allowing the State to use article 1.13(a) in this manner invites abuse.  Nevertheless, under *George*, the trial court was not legally authorized to try Fisher and find her not guilty under these circumstances.

Because Fisher "was neither put in jeopardy for nor ever actually acquitted of the charged offense," *George*, 913 S.W.2d at 527, the trial court's written "judgment and dismissal" is no more than an order terminating the prosecution in Fisher's favor. As such, it is an appealable order under article 44.01(a)(1). *State v. Lewallen*, 927 S.W.2d 737, 739 (Tex. App.—Fort Worth 1996, no pet.).

A trial court does not have general authority to dismiss a case without the prosecutor's consent. *State v. Johnson*, 821 S.W.2d 609, 613 (Tex. Crim. App. 1991); *State v. Gray*, 801 S.W.2d 10, 11 (Tex. App.—Austin 1990, no pet.). The trial court was not authorized to dismiss this prosecution without the State's consent simply because the State refused to consent to the jury waiver. *State v. Allen*, 953 S.W.2d 769, 771 (Tex. App.—Corpus Christi 1997, no pet.).

The trial court's "judgment and dismissal" is reversed and the cause is remanded for further proceedings.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reversed and Remanded

Filed: May 26, 2006

Publish