

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,943

**EX PARTE JEFFERY JOHN ROMERO, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 04-2026-CR-A IN THE 274TH JUDICIAL DISTRICT COURT
## FROM GUADALUPE COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged by indictment with two counts of aggravated assault with a deadly weapon, against two different complainants. He entered into a plea agreement whereby he pleaded guilty to two counts of aggravated assault causing serious bodily injury, and the State abandoned the deadly weapon allegations.

Applicant originally received three years of deferred adjudication community supervision, but the State eventually filed a motion to proceed with an adjudication of guilt. Applicant pleaded

true to the allegations, his guilt was adjudicated, and he was sentenced to five years' imprisonment. However, the judgment adjudicating guilt contains an affirmative deadly weapon finding for both counts of aggravated assault.

Applicant contends that the affirmative deadly weapon finding on the judgment adjudicating guilt is improper, and is unsupported by the evidence. The prosecutor filed a motion in the trial court requesting that the trial court vacate the judgment and sentence in this cause. In the motion, the State correctly pointed out that the deadly weapon allegations had been abandoned pursuant to the original plea agreement. However, failing to note that the serious bodily injury allegations had been added to the charge at the same time the deadly weapon allegations were removed, the State argued in the motion that the order deferring adjudication and the judgment adjudicating guilt were both void, and the judgment and sentence had to be vacated. The trial court signed an order vacating the judgment and sentence on May 21st, 2008.

The order vacating the judgment and sentence has no effect, because at the time it was entered, the trial court had no jurisdiction to vacate the judgment and sentence. Furthermore, Applicant was properly adjudicated guilty of two counts of aggravated assault (by causing serious bodily injury), and properly sentenced to five years' imprisonment. The improperly entered affirmative deadly weapon finding could have been corrected by the trial court via a judgment *nunc pro tunc*. *See Ex parte George*, 913 S.W.2d 523 (Tex. Crim. App. 1995); *Ex parte Ybarra*, 149 S.W.3d 147, 148-149 (Tex. Crim. App. 2004).

Applicant is entitled to relief only insofar as the affirmative deadly weapon finding on his judgment adjudicating guilt is improper. Relief is granted. The judgment in Cause No. 04-2026-CR-A in the 274th Judicial District Court of Guadalupe County is ordered reformed to reflect a conviction for aggravated assault causing serious bodily injury, and the affirmative deadly weapon

finding is ordered removed.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional

Institutions Division and Pardons and Paroles Division.


Delivered: June 18, 2008
Do Not Publish