In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00278-CR**
_____


**EX PARTE TIANA WILLIS**

**On Appeal from the County Court at Law No. 3**
**Jefferson County, Texas**
**Trial Cause No. 313719**

**MEMORANDUM OPINION**

Appellant, Tiana Willis, was charged with Misdemeanor Family Assault in three different complaints, Cause Nos. 298842, 310247, and 313719, which all stemmed from one incident. This appeal arises from the denial of Willis's petition for writ of habeas corpus asserting further prosecution was barred by double jeopardy and collateral estoppel. We overrule Willis's issue on appeal and affirm the trial court's ruling.

## Background

On May 20, 2013, Willis took her minor child to a local park to see the child's father. Once the child was in her father's possession, the father had a process server deliver court papers to Willis. An altercation ensued in which the arm of the child's father was injured. The Beaumont Police Department was called to the scene. Willis admitted hitting her child's father but claimed she did so because she was afraid he was going to take her child.

Willis was initially charged with Misdemeanor Assault – Family Violence in Cause No. 298842 on July 17, 2013. The complaint in Cause No. 298842 alleged that on or about May 20, 2013, Willis "unlawfully intentionally, knowingly, and recklessly cause[d] bodily injury to another . . . by scratching Complainant's arm, and at the time of said assault[,] Complainant was a member of Defendant's family[.]" The record reveals Cause No. 298842 was reset multiple times at the request of Willis. On November 12, 2015, the State filed a motion for dismissal "[t]o satisfy the interests of substantive [j]ustice." The motion for dismissal for Cause No. 298842 contained the following language, "[T]he State cannot meet their burden of proof at trial, due to its inability to overcome the defense of a minor child, by the Defendant, which is supported by evidence." The trial judge then signed the order of dismissal for Cause No. 298842.

2

On January 27, 2016, the State refiled the charges against Willis in Cause No. 310247.[1] In June of 2016, the case was tried in front of a jury. The jury verdict form for Cause No. 310247 signed by the foreperson had "not guilty" circled. However, the jury foreperson indicated it should have been "guilty," and he circled "the wrong one." The trial court polled five members of the jury to determine what their verdict was. The remaining juror could not return to court due to an illness, but she later signed an affidavit indicating she and the other jurors came to a verdict of guilty. The trial judge declared a mistrial, and Willis did not object. The State moved to dismiss the charge contained in Cause No. 310247 following the mistrial, and the trial judge signed the order dismissing the cause.

On December 14, 2016, the State refiled the charges in Cause No. 313719 which contained the same allegations about the assault, but it also included information regarding the previous cause numbers. On June 6, 2017, Willis filed her petition for Writ of Habeas Corpus Seeking Relief from Double Jeopardy/Collateral Estoppel and asserted jeopardy attached with the State's dismissal of the charges in Cause No. 298842. The trial court held a hearing on the petition for writ of habeas

---

[1] Cause No. 310247 omitted the word "unlawfully" from the charge, but the remaining language was identical to Cause No. 298842.

corpus in Cause No. 313719 on July 13, 2017, and thereafter denied Willis's petition for writ of habeas corpus.

In one issue on appeal, Willis argues the trial court erred in denying her petition for writ of habeas corpus because the prosecution was barred by the constitutional and statutory prohibitions against double jeopardy and collateral estoppel.

## Standard of Review

Generally, a ruling on a pretrial writ of habeas corpus is reviewed for abuse of discretion, viewing the facts in the light most favorable to the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). But when there are no disputed facts and the resolution of the ultimate issue turns on an application of purely legal standards, as here, our review is *de novo*. *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999).

## Analysis

Criminal defendants are provided protections under the double jeopardy clauses of the United States Constitution and the Texas Constitution prohibiting them from being tried for the same offense twice. U.S. CONST. amend. V; Tex. Const. art. I, § 14. Article I, section 14 of the Texas Constitution states "[n]o person, for the same offense, shall be twice put in jeopardy of life or liberty; nor shall a

person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction." Tex. Const. art. I, § 14. The Fifth Amendment of the U.S. Constitution provides "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. CONST. amend. V.

It is well settled that "any criminal charge that is abandoned or dismissed on the prosecution's motion after jeopardy 'attaches,' i.e., after an individual is placed in jeopardy of life or liberty may not be retried." *Proctor v. State*, 841 S.W.2d 1, 3 (Tex. Crim. App. 1992). If a charge is pending when jeopardy attaches, a defendant is entitled to expect the State to proceed to trial on that charge or lose the opportunity forever. *Id.* at 3–4. Conversely, if a charge is affirmatively abandoned or dismissed with the trial court's permission before jeopardy attaches, the State is free to press that charge at a later time. *See id.* at 4. When jeopardy attaches is also well settled. In a jury trial, for purposes of both state and federal double jeopardy clauses, jeopardy attaches when the jury is impaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 38 (1978); *Proctor*, 841 S.W.2d at 4; *State v. Torres*, 805 S.W.2d 418, 420 (Tex. Crim. App. 1991). For bench trials, jeopardy attaches when both sides announce ready and the defendant pleads to the charging instrument. *Torres*, 805 S.W.2d at 421; *see also Sanchez v. State*, 845 S.W.2d 273, 275 (Tex. Crim. App 1992).

5

Willis cites no authority to support the argument that this court should disregard well established law, which allows the State to dismiss charges and refile them. The Texas Court of Criminal Appeals has stated

> to preserve a portion of a charging instrument for a subsequent trial, the State must, before jeopardy attaches (i.e., prior to the jury being impaneled and sworn *or* for bench trials, when both sides have announced ready and the defendant has pled to the charging instrument[]), take some affirmative action, on the record, to dismiss, waive or abandon that portion of the charging instrument *and* the State must obtain permission from the trial judge to dismiss, waive or abandon that portion of the charging instrument.

*Ex parte Preston*, 833 S.W.2d 515, 518 (Tex. Crim. App. 1992) (emphasis added) (internal citations omitted).

Willis contends that jeopardy attached when Cause No. 298842 was dismissed.[2] Willis argues that the present case is distinguishable from other pretrial dismissals, because the dismissal and order of the trial court was based on an

---

[2] Willis does not make any arguments regarding jeopardy attaching in Cause No. 310247, which was tried in front of a jury. The trial judge in that case ultimately declared a mistrial due to the jury's claims of circling an incorrect verdict and the inability to poll one of the jurors at the time of the error due to an illness. Indeed, such an argument would be without merit. *See Ex parte Mitchell*, 977 S.W.2d 575, 578 (Tex. Crim. App. 1997) (noting when a trial proceeds to verdict and the conviction is set aside, a subsequent trial is not automatically jeopardy-barred). Double jeopardy bars a new trial if the conviction was reversed for insufficiency of the evidence but does not bar retrial of a defendant whose conviction was set aside because of an error in the proceedings leading to a conviction. *Ex parte Legrand*, 291 S.W.3d 31, 36–37 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Accordingly, our analysis is limited to Cause No. 298842.

affirmative finding for the defense of justification for the alleged criminal conduct. The State's motion for dismissal in this case provides that "the State cannot meet their burden of proof at trial, due to its inability to overcome the defense of a minor child, by the Defendant, which is supported by evidence." During the habeas hearing, the State indicated the testimony of a witness was more fully developed, which negated the reason for the dismissal of Cause No. 298842 based on defense of a child.

The record is clear in this case that at the time Cause No. 298842 was dismissed, no jury was impaneled or sworn, no evidence was offered or received, and no plea was entered by Willis after the announcement of ready by both sides. *See Ex parte George*, 913 S.W.2d 523, 525 (Tex. Crim. App. 1995). The State's statement in its motion to dismiss is not an affirmative finding of insufficient evidence to support a jury verdict after a trial. *Cf. Ex parte Legrand*, 291 S.W.3d 31, 36–37 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Here, the State took affirmative action to dismiss the charges, and the trial court granted permission by signing the order. *See Preston*, 833 S.W.2d at 518. Accordingly, jeopardy had not attached at the time Cause No. 298842 was dismissed. *See George,* 913 S.W.2d at 525. Moreover, while the constitutional protections afforded against double jeopardy encompass the doctrine of collateral estoppel barring the relitigation of an issue of

ultimate fact against the same parties, Willis's argument that the doctrine of collateral estoppel estopped the State from refiling the criminal charge against her after Cause No. 298842 was dismissed, fails for the same reasons already mentioned—as jeopardy had not attached, the issue of ultimate fact has not been litigated. *See Ashe v. Swenson*, 397 U.S. 436, 443–45 (1970).

Willis further argues that "dismissal of a criminal information is a valid and final judgment because it can be appealed by the State and discharges the defendant from a restraint of liberty." However, the provision cited by Willis in support of this proposition applies *only to the State*. *See* Tex. Code Crim. Proc. Ann. art. 44.01 (West Supp. 2017) (our emphasis added).

## Conclusion

In light of the foregoing, we conclude jeopardy did not attach upon the dismissal of Cause No. 298842. We overrule Willis's issue and affirm the ruling of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on November 21, 2017
Opinion Delivered March 14, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

8