

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,936-01

### In re THE STATE OF TEXAS ex Rel. KIM OGG, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS IN CAUSE NOS. 2288950 & 2288951 IN COUNTY CRIMINAL COURT AT LAW NO. 16 FROM HARRIS COUNTY

KELLER, P.J., delivered the opinion of the Court in which HERVEY, RICHARDSON, YEARY, KEEL, WALKER, SLAUGHTER and MCCLURE, JJ., joined. NEWELL, J., concurred.

The defendant sought to waive his right to a jury trial and have a bench trial. By statute, the State has the authority to refuse to consent to such a waiver, and the State refused to consent in the defendant's case. But the trial court concluded that it had the power, under the Texas Supreme Court's Emergency Order in response to COVID-19, to suspend that statutory provision and conduct a bench trial despite the State's refusal to consent. The State then sought a writ of mandamus or a writ of prohibition from the court of appeals, but that court declined to grant relief. The State now seeks mandamus relief against the court of appeals. We conditionally grant mandamus relief.

# I. BACKGROUND

## A. Trial Court

Jacob Straughan, the real party in interest and the defendant in the underlying cases, was charged with misdemeanor offenses of evading arrest and assault.[1]  The procedural history of these charges is somewhat complicated by various resets and a pretrial intervention contract.  Suffice it to say that, at some point, the defendant requested a bench trial and sought to waive his right to a jury trial.  Anticipating that the State would not consent to his waiver, the defendant contended before the trial court that the Texas Supreme Court's Emergency Order in response to COVID-19 gave the trial court the authority to override the State's refusal to consent to his waiver.  In response, the State refused to consent to the defendant's waiver and argued that the Emergency Order did not give the trial court the authority to conduct a bench trial over the State's objection.  A hearing was held on the matter, and the trial court granted the defendant's motion for a bench trial.

## B. Court of Appeals

The State filed an application for a writ of mandamus with the court of appeals.  Among other things, the State argued, "The [emergency] order governs procedures and deadlines. The order does not purport to imbue courts with the discretion to selectively ignore the substantive rights and privileges of parties."

The court of appeals concluded that "the plain language of the emergency order . . . allows

---

[1]  While these charges were pending, an incident occurred that led to another charge of misdemeanor assault and a charge of felony violation of a protective order.  The present mandamus action involves only the initial charges.

the trial court to modify any procedure subject only to constitutional limitations."[2]  The appellate court further concluded that the State had not shown that "any procedure" did not encompass a bench trial.[3]  Consequently, the court of appeals concluded that the State had not established that it was indisputably entitled to the relief sought or that the trial court had a ministerial duty to deny the defendant's request.[4]

## II. ANALYSIS

In addressing whether a court of appeals erred in denying mandamus relief against a trial court, we decide *de novo* whether the relator was entitled to mandamus relief against the trial court.[5]  A relator is entitled to mandamus relief against a trial court when (1) the relator has no other adequate legal remedy and, (2) the act sought to be compelled is purely ministerial.[6]  The first prong is not in dispute.  The State had no adequate remedy because it had no immediate right to appeal the trial court's ruling and because its only ultimate right to complain would be a cross-point that depends on the defendant taking an appeal from a conviction.[7]

The question we need to resolve is whether the act sought to be compelled was purely ministerial.  "An act is purely ministerial if the relator has a clear and indisputable right to the relief

---

[2]  *In re State ex rel. Ogg*, 610 S.W.3d 607, 611 (Tex. App.—Houston [14th Dist.] 2020).

[3]  *Id.*

[4]  *Id.*

[5]  *In re State ex rel. Weeks*, 391 S.W.3d 117, 121-22 (Tex. Crim. App. 2013).

[6]  *In re Yeager*, 601 S.W.3d 356, 358 (Tex. Crim. App. 2020).

[7]  *In re Meza*, No. WR-90,325-01, 2020 Tex. Crim. App. LEXIS 943, *8-9 (Tex. Crim. App. November 18, 2020); *Weeks*, 391 S.W.3d at 123.

sought, i.e., when the facts and circumstances of the case dictate but one rational decision under unequivocal, well-settled, and clearly controlling legal principles."[8]   A ministerial duty can sometimes be found in cases of first impression.[9]   This can occur if a statute at issue is unambiguous[10] or when "the combined weight of our precedents clearly establishes" the proposition of law on which relief is predicated.[11]

Under Article 1.13 of the Code of Criminal Procedure, the State must consent to a waiver of a jury trial by the defendant:

> The defendant in a criminal prosecution for any offense other than a capital felony case in which the state notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that . . . the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state.[12]

We have issued mandamus relief in the past when a trial court has indicated that it intends to conduct a bench trial despite the State's lack of consent to a defendant's waiver of a jury.[13]

The question we confront is whether the Emergency Order changes that.   Under the

---

[8]  *Yeager*, 601 S.W.3d at 358.

[9]  *Meza*, 2020 Tex. Crim. App. LEXIS 943, at *9; *Weeks*, 391 S.W.3d at 122.

[10]  *Meza*, *supra*; *In re State ex rel. Wice v. Fifth Judicial Dist. Court of Appeals*, 581 S.W.3d 189, 194-95 (Tex. Crim. App. 2018).

[11]  *Meza*, *supra*; *Weeks*, 391 S.W.3d at 122.

[12]  TEX. CODE CRIM. PROC. art. 1.13(a).

[13]  *State ex rel. Curry v. Carr*, 847 S.W.2d 561, 561-62 (Tex. Crim. App. 1992).  *See also In re State ex rel. Mau v. Third Court of Appeals*, 560 S.W.3d 640, 646-47 (Tex. Crim. App. 2018) ("Absent the consent of the State as prescribed by Article 1.13 of the Code of Criminal Procedure, the trial court had no discretion to resolve the issue of Rivera's guilt in any manner but by a jury trial.").

Government Code, the Texas Supreme Court,

> [n]otwithstanding any other statute . . . may modify or suspend procedures for the conduct of any court proceeding affected by a disaster during the pendency of a disaster declared by the governor.[14]

An order modifying or suspending procedures under this statute is effective for no more than 90 days unless renewed by the chief justice of that court.[15] We take notice that the country is in the middle of a pandemic due to the virus known as COVID-19 and that this pandemic has caused the Governor to declare a disaster. The Supreme Court has issued a number of emergency orders during the pendency of the pandemic, many of which supersede prior orders. At the time of the trial court's ruling, the applicable order, which we refer to throughout this opinion as the "Emergency Order," provided:

> 3. Subject only to constitutional provisions, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent:
>
> a. . . . modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than December 1, 2020.[16]

On their faces, neither Section 22.0035(b) nor the Emergency Order purport to authorize courts to modify substantive rights. Both the statute and the order address procedural matters. The court of appeals found, however, that the State had failed to establish that bench trials were not "procedures" under the Emergency Order.

---

[14] TEX. GOV'T CODE § 22.0035(b).

[15] *Id.*

[16] Seventeenth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9071, Part 3.a. (Tex. May 26, 2020), 83 Tex. B.J. 496, 496 (July/August 2020), also available at https://www.txcourts.gov/media/1446702/209071.pdf.

This language giving a court the power to modify or suspend "deadlines and procedures" presupposes a pre-existing power or authority over the case or the proceedings. A court may extend a deadline or alter a procedure that would otherwise be part of the court proceedings. It does not suggest that a court can create jurisdiction for itself where the jurisdiction would otherwise be absent or that a judge could create authority to preside over proceedings over which the judge would otherwise be barred from presiding. For instance, this language simply cannot be construed to allow a felony court with jurisdiction only over felonies to start trying misdemeanor cases.[17] To draw the absurdity out further, the order's language allowing the modification or suspension of "procedure" cannot be construed to allow a statutory probate court to start trying criminal cases.[18]

Although a judge's authority is different from the jurisdiction of the court, a judge's lack of authority to preside over a proceeding can, depending on the reason for that lack of authority, invalidate the proceeding itself.[19] The ability to modify or suspend "procedures" cannot by itself be a magic wand that allows a judge to preside over a proceeding over which he is otherwise barred from presiding. For example, this phrase in the Emergency Order would not suddenly give a recused judge the power to decide on his own to reassume general authority over a case.[20]

If the Supreme Court's Emergency Order were really intended to permit trial courts to enlarge

---

[17] *See Diruzzo v. State,* 581 S.W.3d 788, 804 (Tex. Crim. App. 2019) (indictment that alleged what was only a misdemeanor failed to confer subject matter jurisdiction in district court).

[18] *See* TEX. EST. CODE § 22.007(c) (statutory probate court); TEX. GOV'T CODE § 25.0021(b) (limited jurisdiction of statutory probate court).

[19] *See Davis v. State,* 956 S.W.2d 555, 557-58 (Tex. Crim. App. 1997).

[20] *See Ex parte Thuesen*, 546 S.W.3d 145, 156 (Tex. Crim. App. 2017) (lack of power of recused judge to reassume authority over the case without effective authorization from regional presiding judge and without meeting the good cause exception).

their own jurisdiction and to permit trial judges to enlarge the types of proceedings over which they have authority, we would expect a provision to explicitly say so. It is true that part 3 proper says "subject only to constitutional provisions," but that is still not an explicit statement that courts and judges have the ability enlarge their jurisdiction and authority over proceedings. No one would think that a statutory probate court could try criminal cases just as long as the court implements all of the constitutional protections otherwise enjoyed by criminal defendants. And while constitutional provisions govern when a judge is disqualified from the case, recusal provisions go beyond what the constitution requires.[21]

Turning to the present case, we conclude that the consent requirement is not merely procedural, but implicates the trial court's authority to preside over a particular type of proceeding. We have indicated that a judgment obtained from a bench trial conducted without the State's consent in violation of 1.13 is a nullity for double-jeopardy purposes.[22] The judge simply does not have the authority to conduct a bench trial when the State has not consented.[23] He cannot use the Emergency Order's authorization to modify or suspend procedures to confer that authority upon himself. If he could, then he could do the same thing to a criminal defendant regarding his statutory right to a jury assessment of punishment (after being convicted by a jury at the guilt stage of trial).[24] It seems—and

---

[21] *Gaal v. State*, 332 S.W.3d 448, 452 (Tex. Crim. App. 2011) ("Generally, a motion to recuse seeks to prevent a judge from hearing a case because of a nonconstitutional reason, while grounds for disqualification are limited to those identified in the constitution.").

[22] *Ex parte George*, 913 S.W.2d 523, 525-27 (Tex. Crim. App. 1995).

[23] *See supra* at n.13.

[24] *See Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006) ("It is well established that the constitutional right to a jury trial does not encompass the right to have the jury assess punishment. Texas is one of the few states that allow defendants the privilege, by statute, of opting

is—patently absurd that a generically framed right to modify statutory deadlines and procedures would confer upon the trial court the power to abrogate a defendant's statutory right to a jury trial at punishment. It is equally absurd to think that this language would allow the trial court to do just that when the party insisting on a jury trial is the State.

It is clear and indisputable that the Emergency Order did not confer upon the trial court the authority to conduct a bench trial without the State's consent. We conditionally grant mandamus relief. The writ of mandamus will issue only in the event that the court of appeals fails to comply with this opinion.

Delivered: March 3, 2021

Publish

---

for jury assessment of punishment.").